## KINCANNON v. AMERICAN OIL & REF. CO. et al.

No. 18007.　Opinion Filed July 26, 1927.

(Syllabus.)

**1. Master and Servant—Workmen's Compensation Law—Time for Filing Actions to Review Awards.**

Section 7297, Comp. Stat. 1921, as amended by Laws 1923, chapter 61, section 8, provides for the review in the Supreme Court of an award or decision of the State Industrial Commission, and under such provision said action must be filed in this court within 30 days after notice of the award or decision of the Industrial Commission has been sent to the parties affected.

**2. Same—Time not Extended by Order of Industrial Commission Correcting Trivial Error in Award.**

An order of the Industrial Commission correcting a mistake inadvertently made in the award of compensation to an injured employe which in no way affects the employe's rights and of which no complaint is made in his petition to review the award, does not extend the time in which to bring the action in this court to review the award or decision made.

Original action by James B. Kincannon to review award to him of workmen's compensation against the American Oil & Refining Company and its insurance carrier. Action dismissed.

John A. Maupin, for petitioner.

Cheek & McRill, for respondents.

PER CURIAM. This is an original action in this court filed December 4, 1926, by petitioner herein to review an award or decision of the State Industrial Commission. On the 16th day of October, 1926, the State Industrial Commission made a finding of fact:

"1. That the claimant sustained an accidental injury arising out of and in the course of his employment with the respondent herein on February 25, 1925, injury being to the left hand.

"2. That claimant had lost the index finger of left hand by amputation as a result of

said injury, but that he has no permanent disability to the hand or other fingers"

—and made their conclusions thereon as follows:

"The Commission is therefore of the opinion: That, by reason of the aforesaid facts, the claimant is entitled to compensation at the rate of $18 per week for a period of 35 weeks for the loss of the left index finger, or a total of $630."

And upon said finding of facts and conclusion made the following order:

"It is therefore ordered: That within ten days from this date, the respondent or its insurance carrier herein pay to the claimant the sum of $630, less any sum heretofore paid, in full and final settlement under this award, and also to pay all medical expenses incurred by claimant as a result of said injury."

Thereafter, on November 4, 1926, the said Commission made an order correcting its former finding, conclusion. and order, wherein it is recited:

"That finding of fact No. 2 of said order should be stricken, and in lieu thereof the following:

" 'That as a result of said accidental injury the claimant has lost the middle finger of left hand by amputation and that he has no permanent disability to the hand or other fingers.'

"That the opinion of the Commission should be stricken from said order, and in lieu thereof, the following:

" 'The Commission is therefore of the opinion: By reason of the aforesaid facts, the claimant is entitled to compensation at the rate of $18 per week for a period of 30 weeks for the loss of the left middle finger, or a total of $540.'

"And that in said order, second paragraph on second page, the figures '$640' should be stricken and the figures '$540' inserted in lieu thereof."

The petitioner herein complains only of that part of the order of the Commission wherein they find "That he has no permanent disability to the hand or other fingers," and his brief filed in support thereof admits that it was the second finger on the left hand that was amputated and makes no complaint of the order of November 4, 1926, changing the finding of fact to show that it was the second finger lost instead of the index finger, or the change in the amount of the compensation allowed.

The respondents herein have filed in this court their motion to dismiss this action for the reason that the award petitioner seeks to have reviewed in this court was made on the 16th day of October, 1926, and that this action was not begun until the 4th day of December, 1926, more than 30 days after the award complained of was made by the Industrial Commission.

Section 7297, C. O. S. 1921, provides that:

"The award or decision of the Commission shall be final and conclusive on all questions within its jurisdiction between the parties unless within 30 days after a copy of such award or decision has been sent by said Commission to the parties affected an action is commenced in the Supreme Court of the state to review such award or decision. * * * Such action shall be subject to the law and practice applicable to other civil actions cognizable in said court."

In the case of Buff v. State Industrial Commission, 122 Okla. 199, 253 Pac. 493, this court held that:

"Section 7297, Comp. Stat. 1921, as amended by Laws 1923,, chapter 61, section 8, provides for a review in the Supreme Court from an award or decision of the State Industrial Commission, and under such provision said action must be filed in this court within 30 days after notice of the award or decision of the Industrial Commission has been sent to the parties affected."

The record in this case discloses that a copy of the award of said Commission made on the 16th day of October, 1926, was sent to the parties affected thereby on the 20th day of October, 1926, and that a copy of the order of November 4, 1926, was sent to the parties affected on the 5th day of November, 1926. The order of the said Commission made on the 4th day of November, 1926, in no way changed that part of the award of October 16, 1926, of which the petitioner complains.

The petitioner knew when he received the copy of the award of October 16, 1926. that a mistake had been made, and that he was entitled to compensation for the loss of the middle finger as prescribed by the Workmen's Compensation Law, and not for the loss of the index finger, which he did not lose.

The only effect of the order of November 4, 1926. which was not an award or decision. was to correct the mistake inadvertently made, and did not extend the time in which to file an action in this court for review. The action which the Commission took in thus making the record speak the truth could in no wise injure or in any manner impair or affect the right of the petitioner, since he seeks a review only of that part of the award that denied compensation for

disability to the hand and other finger. The time in which to bring an action in this court to review the award of October 16, 1926, expired on the 19th day of November, 1926, 30 days after a copy of said award was sent to the petitioner on October 20, 1926. The action in this court, not having been commenced within the time required by law, is hereby dismissed.

Note.—See C. J. Workmen's Compensation Acts p. 119, §123.