## SPECIAL INDEMNITY FUND v. LEWIS et al.

No. 33475.    July 13, 1948.

*196 P. 2d 684.*

Mont R. Powell and Don Anderson, both of Oklahoma City, for petitioner.

Davis & Pugh, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

LUTTRELL, J.    This is an original proceeding brought by Special Indemnity Fund, referred to herein as the Fund, to review an order of the State Industrial Commission entered on January 2, 1948, modifying its prior order and award relative to the time when payments assessed against the Fund shall commence.

The original award was entered on February 1, 1944. The award was entered on a claim filed for compensation by Robert Ray Lewis, referred to herein as respondent, against the employer, Ernest Wood, his insurance carrier, Employers Casualty Company, and Special Indemnity Fund. The commission at the hearing in that case found that respondent, on the 3rd day of July, 1943, while in the employ of Ernest Wood, sustained an accidental personal injury arising out of and in the course of his employment, consisting of an injury to both hands; that as a result of such injury he sustained a total loss of the use of the right hand and 40 per cent permanent partial disability to the left hand; that respondent was at that time a physically impaired person in that prior thereto, in an accident occurring on the 14th day of February, 1943, he sustained an injury to the left hand resulting in a 60 per cent

permanent partial disability to the hand; that as a result of both injuries respondent was permanently totally disabled, which entitled him to compensation for 500 weeks at the rate of $18 per week. On these findings an award was entered by the commission against the employer and his insurance carrier in the total sum of $6,-300 or 350 weeks, payable at the rate of $18 per week and against the Fund in the sum of $2,268 or 126 weeks' compensation, payable at the rate of $18 per week. The award as against the Fund concludes with the following provision:

". . . that the payment of compensation herein charged against Special Indemnity Fund shall not become payable until the expiration of 350 weeks from December 23, 1943, and then shall be paid to the claimant at the rate of $18.00 per week for a period of 126 weeks."

The award was sustained by this court on appeal. The opinion was rendered on April 10, 1945, and mandate was issued on April 26, 1945, and spread of record by the commission on May 16, 1945. On May 14, 1945, the employer and his insurance carrier paid in full the award as against them and obtained a receipt from respondent and filed the same with the State Industrial Commission. Such payment appears to have been made voluntarily by the employer of respondent, or his insurance carrier, as the record discloses no order of the commission requiring them so to do. Thereafter, and on the 19th day of November, 1947, respondent filed an application with the commission for an order requiring the Fund to immediately commence payments of periodical installments assessed against it, in which application it is alleged that the payments as against the employer and his insurance carrier have ceased; that they have paid the award in full and that respondent is therefore entitled to an order requiring the Fund to immediately commence payment of periodical installments. This application was granted and an order entered on Jan-

uary 2, 1948, directing the Fund to commence payments of periodical installments within 20 days after the date of the order and continue such payments until the award assessed against it is satisfied in full.

It will be noted that the commission, by its order of January 2, 1948, modified its prior award by advancing the date upon which the Fund was to commence payment of periodical installments from about September 14, 1950, to January 22, 1948. It is contended by the Fund that the order fixing the due date of the payments constituted a final order and award of the commission and that it was without authority to thereafter modify or change the same by advancing the date upon which payments against the Fund should commence. We think this contention well taken.

A final award of the State Industrial Commission is just as binding and effectual upon all parties as the judgment of any court, and the commission is without authority to thereafter modify or change such award except as so authorized to do by statute. Derr v. Weaver, 173 Okla. 140, 47 P. 2d 573. We have no statute authorizing the commission to modify its prior award in such manner as attempted in the instant case.

Respondent contends that the determination of the question presented involves the construction of 85 O. S. 1945 Supp. §172; S. L. 1945, p. 418, §2. This section provides that payments by the Special Indemnity Fund shall commence after payments by the employer or his insurance carrier have ceased. We find it unnecessary to analyze or construe that section for the reason that it was not in force at the time the award in the instant case was made. In the instant case respondent sustained his injury on July 3, 1943; the original award was entered on February 1, 1944, and is therefore governed by the 1943 Act, Title 85, chap. 1, S. L. 1943. Section 2 of the above act is the

applicable statute. This section, after providing that a physically impaired person shall receive compensation on the basis of his combined disabilities and that the employer shall only be liable for the disability sustained as a result of the last injury alone, further provides:

". . . After payments by the employer or his insurance carrier, if any, have ceased, the remainder of such compensation shall be paid out of the Special Indemnity Fund provided for in Section 3 of this Act, in periodical installments and without commutation thereof to a lump sum. In making its award the Industrial Commission shall specifically find the amount the injured employee shall be paid weekly, the number of weeks' compensation which shall be paid by the employer, or his or its insurance carrier, the date upon which payments out of the Special Indemnity Fund shall begin, and, if possible, the length of time such payments shall continue; . . ."

The original award was made under the 1943 Act, and as required and directed by that act the award definitely fixed the date upon which payments against the Fund should begin and end. The award in this respect was a final award, and the commission was therefore without authority to thereafter modify or change such award.

Respondent refers to 85 O. S. 1941 §41, and specifically to the clause which, in substance, provides that the commission may, on application, or on its own motion, modify or change its prior order as to the manner, time, and amount of periodical payments, and asserts that such provision applies to assessments made against the Fund, and that thereunder the commission was authorized to modify its prior award as to the time in which payments against the Fund should begin. We do not agree. Assuming such provision applicable to the Fund it would authorize the commission to modify or change its prior award as to the time and manner of periodical payments, that is, it might change the time of payments from weekly to monthly payments or monthly to quarterly payments, or in other respects change the intervals at which periodical payments should be made and the amount thereof, but it would not authorize the commission to modify its prior award in such manner as to impose a greater liability upon the Fund or to accelerate the accrual date of liability.

The original award fixed the date of accrual of liability at 350 weeks after the date the award was made which was in accordance with the direction and command of the statute as it then existed. The award in this respect was therefore a final award and the commission was without authority to thereafter change or modify the award as it attempted to do under its order of January 2, 1948.

Order vacated.

HURST, C.J., DAVISON, V.C.J., and WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.