CITY OF SHAWNEE et al. v. KINNAMON et al.

No. 35274. Oct. 21, 1952.

*249 P. 2d 417.*

Mont R. Powell, William R. Saied, and Sam Hill, Oklahoma City, for petitioners.

W. F. Smith, and Wm. G. Smith, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

BINGAMAN, J. This is a proceeding brought in this court by the city of Shawnee and the State Insurance Fund to review an order of the State Industrial Commission correcting its award by amendment nunc pro tunc. The order was made on application of claimant. The application was made and the order granted after the award became final.

The record discloses that on the 26th day of June, 1950, claimant while in the employ of the city of Shawnee sustained an accidental injury to his left leg. The trial commissioner found that as a result of said injury claimant sustained a 30 per cent permanent disability to the leg and that he was entitled to compensation for 37½ weeks at the rate of $25 per week or the sum of $837.50. The award was afterwards corrected allowing recovery in the sum of $937.50.

The commission in its original and corrected award did not properly compute the number of weeks claimant was entitled to receive compensation for the disability sustained. The disability sustained by claimant was 30 per cent permanent partial disability to his leg for which he was entitled to receive compensation under the statute, 85 O.S. 1951 §22, subd. 3, for 52½ weeks, which computed at $25 per week would amount to $1,312.50.

On the 10th day of July, 1951, on application of claimant the commission corrected its award accordingly.

Petitioners argue that from the record it appears that the commission intended only to allow the claimant compensation for 37 weeks, but we think that the finding of the commission that claimant received a 30 per cent disability necessarily carried with it the amount of compensation which, under the statutes, he was entitled to receive for such injury.

Petitioners further argue that when the order of the commission making the award became final because not appealed from, the commission was without power to make any change therein except upon application on the ground of change of condition.

However, in McQuiston v. Tyler, 186 Okla. 315, 97 P. 2d 552, we held that the State Industrial Commission, in furtherance of justice and for the purpose of making its records speak the truth, might proceed to correct the

300

record upon any evidence satisfactory to itself, either oral or documentary. While in that case the record corrected failed to show that an order made by the commission vacating a former order had been entered of record, we see no reason why the same power should not exist where the record itself reflects that by error or inadvertence it fails to show the true amount of compensation due the claimant for the percentage of injury he was found to have received. It is clear that in that case we applied the general rule governing the power of courts to correct their records nunc pro tunc, since we cited and quoted from various cases holding that the power existed for the purpose of making the record speak the truth.

In Schichtel v. Turinsky, 144 Okla. 240, 291 P. 84, we held that a justice of the peace court, which is not a court of record, had the power to correct its judgments by order nunc pro tunc. In that case we quoted from Black on Judgments (2d Ed.) vol. 1, p. 236, as follows:

"All courts from the highest to the lowest, whose proceedings are preserved in any species of record or memorial, have the power and authority to make such corrections therein as truth and justice require and the rules of law permit; and this power, being inherent, belongs to a court merely as such, and does not depend upon a statutory grant of jurisdiction."

The cases cited by petitioners in support of its contention that the award may not be changed where it has become final by failure to appeal do not involve the situation presented in this case. And, since the record itself showed that the award did not correctly reflect the amount of compensation to which claimant was entitled under the law, no further evidence was necessary.

Order sustained.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, JOHNSON, and O'NEAL, JJ., concur.