STANKA CONSTRUCTION COMPANY and
Travelers Insurance Company,
Petitioners,

v.

Tommie J. YATES and The State Industrial
Court, Respondents.

No. 39021.

Supreme Court of Oklahoma.

Jan. 31, 1961.

Rehearing Denied Feb. 28, 1961.

Looney, Watts, Looney & Nichols, Oklahoma City, for petitioners.

Boatman, Pugsley & Boatman, Okmulgee, and Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

In this original action by Stanka Construction Co., et al., petitioners, to obtain review of an award of the State Industrial Court in favor of respondent, Tommie J. Yates, said respondent filed a motion herein to dismiss the action on the grounds that it was not commenced in this court within twenty days from the date the order sought to be reviewed was sent to the parties.

Said motion was denied, without prejudice to reconsideration, on March 22, 1960, and by order of this court dated October

20, 1960, respondent was granted permission to withdraw and correct the case-made, pursuant to 12 O.S.1951 § 959. The case-made has been withdrawn, corrected, and redeposited in this court.

The facts essential to a consideration of respondent's motion to dismiss are, as follows:

On November 19, 1959, one of the judges of the State Industrial Court made an award to claimant in the sum of $1,851. No provision was made therein for an attorney's fee. Petitioners appealed to the court en banc. On January 12, 1960, the court en banc entered its Order on Appeal, adopting and affirming the order of the trial court, after modifying same to provide for an attorney's fee for respondent's attorney computed at 20% of $1,851 or $270.20. On January 18, 1960, the court en banc entered its "Corrected Order on Appeal" which, omitting caption, vote and signature, is as follows:

"Now on this 18th day of January, 1960, the above-entitled cause comes on for consideration, pursuant to the issuance of Order on Appeal on January 12, 1960, in which order an allowance was made for attorney's fee to Charles L. Pugsley in the amount of $270.20; that said amount is incorrect and should be $370.20; and it is hereby the order and finding of the Court en banc that the order on appeal filed on January 12, 1960, in this case shall be corrected to show 20 per cent of $1851.00, or $370.20, allowed to Charles L. Pugsley as a reasonable fee herein."

The case-made, as corrected, shows that the Order on Appeal of January 12, was sent to the parties on January 13, and that the Corrected Order on Appeal of January 18, was sent to the parties on January 18.

This action was commenced by petitioners in this court on February 5, 1960, which is within twenty days of the date the correction order of January 18 was sent to the parties but is not within twenty days of the date the original order of January 12 was sent to the parties.

The decisive question, therefore, is whether the review time is properly reckoned from the order of January 12 or the order of January 18.

In petitioner's Response to Motion to Dismiss, it is argued that the Corrected Order on Appeal, dated January 18, changed and increased the attorney's fee from $270.20 to $370.20, which materially affected the findings, and that "if this appeal were not proper, the State Industrial Court would not have had jurisdiction to change the order allowing an increase in attorney's fee."

We are unable to accede to this view, for three reasons, to-wit:

First, the corrected order did not change or increase the attorney's fee, which was fixed in the first order at 20% of $1,851.00, the same as in the corrected order. The correction was of clerical or mathematical error apparent on the face of the record.

▆▆ In City of Shawnee v. Kinnamon, 207 Okl. 299, 249 P.2d 417, we held, in the syllabus:

"Where because of a clerical or mathematical error apparent on the face of the record an award of the State Industrial Commission does not speak the truth or express its real intent it may, even after it becomes final, be corrected by amendment nunc pro tunc in order to make it speak the truth and express the real intent of the Commission."

Second, assuming arguendo, that the corrected order "increased" the attorney's fee, such correction did not affect petitioner's rights or liability, inasmuch as the attorney's fee was payable out of claimant's award, not in addition thereto. In Kincannon v. American Oil & Refining Co., 126 Okl. 84, 258 P. 741, we held, in paragraph two of the syllabus:

"An order of the Industrial Commission correcting a mistake inadvertently made in the award of compensation to an injured employee which in no way affects the employee's rights, and of which no complaint is made in his petition to review the award, does not

·extend the time in which to bring the action in this court to review the award or decision made."

Third, petitioners seek to review the ·award. They make no complaint of the ·correction of the attorney's fee. The award is contained only in the order of January 12. The order of January 18 did not adopt or incorporate the award. Although it was designated "Corrected Order ·on Appeal," it was actually a nunc pro tunc ·amendment to the order of January 12, correcting a mathematical error in the computation of the attorney's fee, and leaving the basic award undisturbed. Hence, petitioners are ipso facto seeking to review the order of January 12—the only order which ·contains the award complained of.

We conclude that the twenty-day review period provided in 85 O.S.Supp.1959 § 29, is properly reckoned from the date the order ·of January 12 was sent to the parties, January 13. Said period expired on February 2, 1960. The commencement of this action by petitioners on February 5, 1960, was too late.

 In Adams v. Loffland Bros. et al., 202 Okl. 496, 215 P.2d 826, we held in the syllabus:

"Under the provisions of 85 O.S. 1941 § 29, it is required that a proceeding to review an order of a Trial Commissioner of the State Industrial Commission be filed in the Supreme Court within twenty days after a copy of the order is sent to the affected parties. Where such proceeding is not so commenced this Court is without jurisdiction to review the order."

This action is dismissed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, JOHNSON, IRWIN and BERRY, JJ., concur.

WELCH, J., and HALLEY, J., dissent.

WELCH, Justice (dissenting).

In my view the first paragraph of the syllabus is not applicable and the majority is in error in its first conclusion that the order here appealed from is an order "nunc pro tunc."

The Industrial Court first made an "Order on Appeal" and thereafter made and entered its "Corrected Order on Appeal" from which this appeal or application for review is prosecuted. I think the characteristics which distinguish such an order from an order "nunc pro tunc" are well defined and established.

That original erroneous conclusion led the majority to the final conclusion, which I think erroneous, that this last order is not the fully appealable final order or award or decision under the statute.

It is my view that such a "corrected order" is an appealable order, or an order subject to review under the statute, and that the time to commence action for review dates from such order.

I respectfully dissent.

I am authorized to say that HALLEY, J., concurs in these views.