Anna Mae FERGUSON, surviving spouse of Donald Ray Ferguson, deceased, Petitioner,

v.

FERGUSON MOTOR COMPANY d/b/a Ferguson Buick–Pontiac and United States Fidelity and Guaranty Company, Respondents.

No. 70493.

Supreme Court of Oklahoma.

Dec. 6, 1988.

Donald P. Ferguson, Ferguson, Horn, Lawson & Heck, Chickasha, for petitioner.

John S. Oldfield, Jr., Oldfield & Coker, Oklahoma City, for respondents.

OPALA, Justice.

The questions presented are: 1) Did the Workers' Compensation Court have jurisdiction to vacate the award in suit after the time to seek appellate review had expired? If not, 2) Can the alleged error in the award under consideration be corrected by a nunc pro tunc order of the Workers' Compensation Court? We answer both questions in the negative.

On November 18, 1986 compensation was awarded Anna Mae Ferguson [claimant]

for the death of her husband, Donald Ray Ferguson [decedent]. The award, which was made against Ferguson Motor Company and United States Fidelity and Guaranty Company [respondents both here and in the Workers' Compensation Court], set the weekly benefits due at $163.00. Copies of the order were sent to the parties on November 24, 1986. None sought appellate review and the award became final.

On May 7, 1987 respondents moved for an order nunc pro tunc to change the award's weekly compensation rate from $163.00 to $60.00. They also asked for credit for "overpayments." To support their request respondents argued that the decedent's actual average weekly wage was $120.00, and, since the weekly death benefits under the statute are based on 50% of that amount, the error is "obvious" and hence correctable.

The trial judge *vacated* the award on February 11, 1988 and "returned [the parties] to their original positions as if no such order was ever entered."[1] Claimant timely sought corrective relief on review. This court then directed the respondents to show cause why the order should not be *summarily vacated* as facially void, because the trial tribunal lacked the power to disturb its award after the maximum period for filing a petition for review had expired.

Respondents argue that 1) because the weekly benefit amount of $163.00 was incorrectly set, the award lacks evidentiary support and 2) the Workers' Compensation Court has "inherent power" to correct all "computation" errors. We reject both arguments and hold that the award became final once the time to seek review had passed and the Workers' Compensation Court subsequently lacked jurisdictional power either to vacate or to correct it except *only* for mathematical miscalculations apparent from the decision's four corners.

I.

An award made by the Workers' Compensation Court becomes "final and conclusive upon all questions" *unless* (a) within 20 days after a copy of the award has been sent to the parties, review is sought in the Supreme Court, or (b) appeal is made to a three-judge review panel of the Workers' Compensation Court within 10 days after a copy of the award is sent or (c) *within the same 20–day statutory period during which review of the original award could have been sought,* an order vacating the award is made *upon* due notice to the parties and *after* an adversary hearing.[2]

---

1. Although he was not requested to grant vacation relief, the trial judge doubtless thought that the course he took would avoid a "clearly inequitable" result. In his order he stated:

   "* * * It is apparent to me that scrivener's error or any similar occurrence brought about the mistake that is alleged to have occurred in this order. At the same time, the briefs of counsel are convincing that this is a clear-cut mistake. The only difference in the positions of both sides is that claimant's counsel feels like the respondent should be bound by the mistake that was made."

2. 85 O.S.Supp.1986 § 3.6(A) and (B), *infra; Snyder v. Smith Welding & Fabrication,* Okl., 746 P.2d 168, 170 [1987]; *Sears, Roebuck & Company v. Heller,* Okl., 401 P.2d 184, 186–187 [1965]; *Jones v. Troup–Moore & Hall Drilling Company,* Okl., 359 P.2d 577, 578 [1961]; *Special Indemnity Fund v. Lewis,* 200 Okl. 471, 196 P.2d 684, 686 [1948]; *Kincannon v. American Oil & Refining Co.,* 126 Okl. 84, 258 P. 741, 742–743 [1927]; and *Bedford–Carthage Stone Co. v. Industrial Commission,* 119 Okl. 231, 249 P. 706, 707–708 [1926].

The pertinent terms of 85 O.S.Supp.1986 § 3.6(A) and (B) provide:

"A. * * * *Either party feeling himself aggrieved by such order, decision or award shall, within ten (10) days, have the right to take an appeal from the order, decision or award* of the Judge *to the Workers' Compensation Court sitting en banc.* Such appeal shall be allowed as a matter of right....

"B. *The order, decision or award of the Court shall be final and conclusive upon all questions within its jurisdiction between the parties, unless, within twenty (20) days after a copy of such order, decision or award has been sent by the Administrator to the parties affected, an action is commenced in the Supreme Court of the state, to review such order, decision or award.* Any order, decision or award made by a Judge of the Court shall be considered as final under the provisions of this section unless appealed to the Workers' Compensation Court sitting en banc as provided for in subsection A of this section. *The order, decision or award of a Judge of the Court shall be final and conclusive upon all questions within his jurisdiction between the parties un-*

■ The order now before us was issued over five months after copies of the award it vacated had been sent to the parties. Without doubt, the trial judge lacked power to extinguish the parties' rights in that adjudicated liability. The vacation order under review is hence ineffective. A final award by the Workers' Compensation Court can be vacated only (a) in a proceeding instituted in this court within the prescribed time interval or (b) in a district court action for relief from the award on grounds of its procurement by extrinsic fraud.[3]

## II.

■ Respondents call our attention to the claimant's Form 3-a which indicates that the decedent's average weekly wage was $120.00 and to the provisions of 85 O.S.Supp.1986 § 22(8)(a)(1)[4] that allow a surviving spouse to receive income benefits equal to 50% of the deceased's average weekly wage. The respondents thus argue that the award setting the claimant's weekly payments at $163.00 could be corrected nunc pro tunc and the Workers' Compensation Court had the power to do so. We hold that because the mistake sought to be corrected is not apparent from the four corners of the decision as a clerical or mathematical error, the award is not correctable by the trial tribunal in a nunc pro tunc proceeding.

■ The Workers' Compensation Court's power to correct judgments and final orders nunc pro tunc extends *only to clerical errors or miscalculations appearing on the face of the decision, not to erroneous judicial findings.* Orders nunc pro tunc *are not* designed to accomplish what a court might or should have done, or what it may have intended to do; the function of the nunc pro tunc device is limited in the Workers' Compensation Court to supplying inadvertent clerical omissions and correcting facial mistakes in recording *judicial acts that were actually performed.*[5]

In making the original award the trial judge found:

"THAT the continuing benefits to [the claimant] ... *as provided by the Oklahoma Workers' Compensation Act,* shall be as follows, accrued from the date of death of the deceased:

TO: ANNA MAE FERGUSON, surviving spouse of the deceased, *the sum of $163.00 per week,* of which sixty-eight (68) weeks have accrued in the amount of $11,084.00 (as of October 29, 1986).

"THAT *the continuing benefits provided for in this order are based on the wages of the deceased, which at the time of the injury were sufficient to allow the use of the compensation rate of $163 per week."* [Emphasis added.]

The trial judge's award *did not find* that the decedent's average weekly wage was $120.00. Had he done so, a miscalculation,

*less appealed directly to the Supreme Court or to the Workers' Compensation Court sitting en banc as hereinbefore provided. * * * "* [Emphasis added.]

3. *Cavender v. Wofford Drilling Co.,* 190 Okl. 291, 123 P.2d 261, 262 [1942] (syllabus 1). See also, *Morgan v. Vandevers Dry Goods Company,* Okl., 370 P.2d 830, 832–833 [1962]; *Gibbins v. Indian Electric Cooperative,* 203 Okl. 187, 219 P.2d 634, 635–636 [1950]; and *Malone v. United Zinc and Smelting Corporation,* 175 Okl. 643, 54 P.2d 360, 361 [1936].

4. The terms of 85 O.S.Supp.1986 § 22(8)(a)(1) provide:

"8. Income benefits for death. If the injury or occupational disease causes death, income benefits shall be payable in the amount and for the benefit of the persons following, subject to the maximum limits specified hereafter:

"(a) Benefit amounts for particular classes of dependents.

"(1) If there is a surviving spouse, *to such surviving spouse fifty percent (50%) of the average weekly wages the deceased was earning."* [Emphasis added.]

5. A facial miscalculation is one that appears from the four corners of the decision. *Stanka Construction Company v. Yates,* Okl., 359 P.2d 729, 730–731 [1961] and *City of Shawnee v. Kinnamon,* 207 Okl. 299, 249 P.2d 417, 417–418 [1952]; see also, *Chandler v. Denton,* Okl., 747 P.2d 938, 941 [1988]; *Application of Oklahoma Natural Gas Co.,* Okl., 715 P.2d 477, 478 [1986]; *Fowler v. Zimmerman,* Okl., 383 P.2d 682, 685 [1963]; *Stevens Expert Cleaners & Dyers v. Stevens,* Okl., 267 P.2d 998, 1001 [1954]; *Mabry v. Baird,* 203 Okl. 212, 219 P.2d 234, 239–240 [1950]; and *Co–Wok–Ochee v. Chapman,* 76 Okl. 1, 183 P. 610 [1919] (syllabus 1).

one clearly apparent from the four corners of the award, would have been facially present. Here, there is no facial and hence correctable miscalculation.[6] The trial judge *expressly found* that the wages "were sufficient to allow" a weekly compensation rate of $163.00. This *judicial finding* is an adjudication *now* conclusively binding on the parties as well as on the Workers' Compensation Court; *its* accuracy no longer can be questioned.[7] The award is *presumed* both valid and responsive to the evidence adduced at the hearing that led to the award.[8]

 The power to adjudicate includes the power to do so *wrongly*, and an *erroneous decision*, until it is set aside or corrected in a manner authorized by law, is as binding as a correct ruling.[9] The alleged mistake in setting the weekly benefits in the award was beyond the reach of the trial judge's power to correct nunc pro tunc. Under the label of "correction" or "vacation" respondents were entitled to no greater relief from an erroneous final adjudication than that which would be affordable to litigants who fail timely to appeal.[10]

The trial judge's vacation order of February 11, 1988 is vacated and the claim is remanded with directions to reinstate the November 18, 1986 award.

**ORDER VACATED AND CLAIM REMANDED FOR REINSTATEMENT OF AWARD.**

DOOLIN, C.J., HARGRAVE, V.C.J., and LAVENDER, SIMMS and KAUGER, JJ., concur.

HODGES and ALMA WILSON, JJ., dissent.

---

**6.** See *Stanka Construction Company v. Yates, supra* note 5 at 730–731 and *City of Shawnee v. Kinnamon, supra* note 5, 249 P.2d at 417–418; cf. *Application of Oklahoma Natural Gas Co., supra* note 5 at 478.

**7.** See *Timmons v. Royal Globe Ins. Co.,* Okl., 713 P.2d 589, 591–592 [1986] and *Salyer v. National Trailer Convoy, Inc.,* Okl., 727 P.2d 1361, 1363 n. 5 [1986].

**8.** See *Hamid v. Sew Original,* Okl., 645 P.2d 496, 497 [1982] and *Chapman v. Tiger,* Okl., 356 P.2d 571, 584 [1960].

**9.** *Woodrow v. Ewing,* Okl., 263 P.2d 167, 171 [1953].

**10.** The respondents in their brief question whether the claimant's award was made by "joint petition" settlement or in an adversary proceeding. The argument is of no consequence here because the rules governing appellate review of final orders made in an adversary setting apply with equal force to the review of decisions approving settlement of claims by joint petition. See 85 O.S.1981 § 84, *infra; White v. Shell Oil Co.,* 193 Okl. 374, 143 P.2d 825, 828–829 [1943]; *Independent Oil & Gas Co. v. Clark,* 175 Okl. 257, 52 P.2d 789, 792 [1935]; and *Oklahoma Pipe Line Co. v. State Industrial Commission,* 149 Okl. 162, 299 P. 180, 183–184 [1931].

The pertinent terms of 85 O.S.1981 § 84 provide:

"The power and jurisdiction of the Court over each case shall be continuing and it may, from time to time, make such modifications or changes with respect to former findings or orders relating thereto if, in its opinion, it may be justified, including the right to require physical examinations as provided for in Section 25 of this title, and subject to the same penalties for refusal; *provided, that upon petition filed by the employer or insurance carrier, and the injured employee, or other person entitled to compensation under the Workers' Compensation Act, the Court shall have jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition.* * * * If the Court decides it is for the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly and *the Court may make an award that shall be final as to the rights of all parties to said petition* and thereafter the Court shall have no jurisdiction over any claim for the injury or any results arising from same. * * * *The same rights of appeal shall exist from the decision rendered under such petition as if provided for appeals in other cases before the Court;* provided there shall be no appeal allowed from an order of the Court dismissing such petition as provided in this section." [Emphasis added.]