1998 OK CIV APP 146

**Mickey Charles BAUGUS, Petitioner,**

v.

**SPECIAL INDEMNITY FUND and the Workers' Compensation Court, Respondents.**

**No. 90540.**

Court of Civil Appeals of Oklahoma, Division No. 3.

June 2, 1998.

Certiorari Denied Sept. 29, 1998.

---

Bret A. Unterschuetz, Arthur H. Adams, P.C., Tulsa, for Petitioner.

Georgianna Peterson, Henry A. Meyer, III, Pray, Walker, Jackman, Williamson & Marlar, Oklahoma City, for Respondents.

## OPINION

ADAMS, Judge:

¶ 1 The Workers' Compensation Court entered an order against the Special Indemnity Fund (Fund) awarding Claimant Mickey Baugus benefits for permanent total disability (PTD). The order specifically stated, in pertinent part, *"[t]hat beginning with the date of filing of this Order,* [Fund] is ordered to pay compensation to claimant at the rate of $163 per week until the claimant reaches the age of 65 years." (Emphasis added). Neither party prosecuted any appeal from that order, and it became final.

¶ 2 Fund began paying on the award the next month, but Claimant's attorney returned Fund's checks, advising Fund that Claimant was receiving permanent partial disability (PPD) benefits under a prior order against his employer. Fund suspended payments but resumed them after the employer's payments ceased. Claimant then filed a request for prehearing conference, and during the conference contended Fund was required under the previous final order to commence the payments on the date the order was filed. Fund contended the trial court should correct the "clerical error" in the previous order because by statute Fund's payments were not to commence until after the award against the employer was paid. The trial court entered an order finding "claimant's permanent total disability payments against the Special Indemnity Fund can not begin or accrue until all of claimant's permanent partial disability payments have been made."

¶ 3 In this review proceeding, Claimant argues the trial court was barred from altering the terms of the prior order requiring the payments to commence "beginning with the date of this order" because it had become final. Claimant correctly notes that "[t]he power to adjudicate includes the power to do so *wrongly,* and an *erroneous decision,* until it is set aside or corrected in a manner authorized by law, is as binding as a correct ruling." (Emphasis in original). *Ferguson v. Ferguson Motor Company,* 1988 OK 137, ¶ 11, 766 P.2d 335, 338. In *Ferguson,* the Workers' Compensation Court had entered an order setting a rate of compensation which was in excess of that allowed by law based on the stipulated earnings of the decedent. Later, after the Workers' Compensation Court set aside that order long after the order had become final, the Oklahoma Supreme Court concluded the Workers' Compensation Court could not do so,

even to correct what was an undisputed legal error.

¶4 Fund argues, however, that despite *Ferguson*, the trial court still had the power to correct what it categorizes as a mere "clerical" error in the order. Citing, *Chandler–Frates & Reitz v. Kostich*, 1981 OK 74, 630 P.2d 1287, Fund argues that because the error was apparent from the face of the order it could be "corrected." In *Kostich* the Court concluded that the error, the use of the wrong interest rate, was apparent on the face of the order and the setting of the interest rate was a mere clerical act and not dependent upon any facts submitted to the trial court. Such is not the case here. The error alleged here, requiring Fund to pay its award beginning with the date the order was filed, occurred only if Claimant was entitled to continued payments from his employer on that date. Nothing in the order reveals that to be the case. The error is not apparent on the face of the order, and the setting of the time for the payment is not a clerical act, but is dependent on facts outside the order.

¶5 We are not dealing with an ambiguous order on this issue. Even Fund concedes that "the original Order awarding PTD benefits from the Special Indemnity Fund to the claimant contained a provision that payments were to commence on the date of the filing of the Order."[1] The original order, though probably erroneous in this respect given the facts the parties agree existed, became final and controlling on this issue. The Workers' Compensation Court lacked the authority to enter the order under review so long as the original order stood unmodi-

fied by appropriate legal process. The order is vacated.

VACATED.

HANSEN, J., and BUETTNER, P.J., concur.

---

1. Given this concession, we find it curious that Fund "found it appropriate to inform the Court" of a recent unpublished opinion of another Division of this Court, despite being "aware of this Court's prohibition against citation of unpublished opinions." The unpublished opinion, which was not joined in by any of the judges deciding this case, affirmed an order similar to the one under review here on the somewhat strained interpretation that it was "less clear" from language identical to that used in the order in this case that the original order required payments to commence with the filing of the order, and that the subsequent order was not a modification of the original order but, apparently, a clarification. At least in the view of this author, Fund's citation of this unpublished opinion is a willful violation of the rules which govern these proceedings. Its excuse that somehow to "inform" us of the opinion was acceptable, and apparently therefore not citing it as precedent, rings about as hollow as the farmer who entered the chicken ·house with an ostrich egg in his arms and told his laying hens, "I'm not trying to tell y'all what to do, but I just thought you ought to know what other folks are doin'." Even more disturbing, there are indications in the record that the unpublished case may have been cited to the trial court.