2000 OK 33

Bobby B. STIDHAM, Petitioner,

v.

SPECIAL INDEMNITY FUND and
the Workers' Compensation
Court, Respondents.

No. 89,602.

Supreme Court of Oklahoma.

May 2, 2000.

Rehearing Denied Oct. 10, 2000.

Robert Highsaw, Gary G. Prochaska, Oklahoma City, Oklahoma, for petitioner.

Georgiana Peterson, Henry A. Meyer, III, Pray, Walker, Jackman, Williamson & Mar-lar, Oklahoma City, Oklahoma for respondent.[1]

OPALA, J.:

¶1 The question before the court is whether there was *error in the trial tribunal's refusal* to commute to a lump sum certain accrued and unpaid installments under an earlier award against the Special Indemnity Fund. For the reasons to be stated we answer in the negative.

## I

## ANATOMY OF LITIGATION

¶2 Bobby B. Stidham [claimant], who was a physically impaired person with a preexisting impairment (blindness in the left eye), sustained a work-related injury to his right eye on 15 June 1995. His claim for that injury was settled by joint petition on 12 February 1996. He then brought a proceeding against the Special Indemnity Fund [Fund] for the increased disability that resulted from a combination of the last injury with his prior impairment. On 27 September 1996 the trial judge found the claimant to be permanently totally disabled by a combination of his injuries and ordered the Fund to pay "compensation at the rate of $205.00 per week *from the date of [the] order*."[2] Neither an appeal nor a review proceeding was lodged for corrective relief from the payment schedule set by this award.

¶3 When the Fund failed to comply with the September 27 order, claimant sought a hearing on his request to commute all accrued and unpaid installments to a lump sum and to have their total amount certified as a judgment for enforcement in the district court. *The Fund argued that by the terms of 85 O.S.Supp.1994 § 172(E)*[3] *it stands*

---

1. Identified herein are only those counsel for the parties *whose names appear on the certiorari briefs.*

2. Trial tribunal's 27 September 1996 order (emphasis supplied).

3. The terms of 85 O.S.Supp.1994 § 172(E) provide:

   All weekly payments for permanent partial disability *shall be paid* before any claim for benefits against the Special Indemnity Fund may be paid. In the case of a *lump-sum* permanent partial disability award or *settlement, such* award or *settlement shall be divided* by seventy percent (70%) of the employee's weekly wage up to a maximum of fifty percent (50%) of the state's average weekly wage, *to determine the number of weeks which must elapse before a claim against the Special Indemnity Fund may be paid.*
   (emphasis supplied).
   None of the post–1999 amendments to § 172(E) affects the controversy now before the court.

*prohibited from paying any benefits until the time all periodic benefits due from the employer would have expired.* Claimant responded by an argument that the compensation law's prohibition that bars the trial tribunal from certifying awards against the Fund is unconstitutional. *On 7 March 1997 the trial judge denied the claimant's certification request.* A three-judge panel of the Workers' Compensation Court adopted the trial judge's position and the Court of Civil Appeals also upheld the order.

¶ 4 Although the conclusion we reach here is the same as that drawn by the Court of Civil Appeals, *certiorari was granted to settle the tendered issue by a precedential pronouncement.*

## II

## THE GENERAL PRINCIPLES THAT GOVERN FINALITY

## OF WORKERS' COMPENSATION COURT DECISIONS

¶ 5 The claimant argues that *inasmuch as no appeal or review proceeding was lodged for corrective relief from the September 27 award,* it became an enforceable *final disposition.* Because the award was conclusively binding on the parties, the claimant urges, the trial tribunal had *no power to excuse the Fund's nonpayment* of the award. According to the claimant, *the trial tribunal's refusal* to enforce the portion of the award here in contest, which ordered the Fund to make *immediate payments, was an impermissible modification of a final order.* The Fund

counters that the provisions of 85 O.S.Supp. 1994 § 172(E)[4] plainly forbid the Fund to pay any benefits until the time has lapsed for the full satisfaction of the earlier award against the employer had the amount of that award been ordered to be paid periodically rather than in a lump sum. The Fund argues *that the trial tribunal's September 27 award, insofar as it violated the applicable statute by advancing the time for payment to the date the award was entered, is utterly beyond its jurisdiction.*

¶ 6 An award made by the Workers' Compensation Court becomes "final and conclusive upon all questions" unless (a) within 20 days of the time a copy of the award has been sent to the parties, review is sought in the Supreme Court, or (b) appeal is lodged before a three-judge panel of the Workers' Compensation Court within 10 days of the day a copy of the award is sent or (c) within *the same 20-day statutory period* [mentioned in subparagraph (a) ], during which review of the original award could have been sought, *an order vacating the award is made upon due notice to the parties and after an adversary hearing.*[5]

¶ 7 A final order by the Workers' Compensation Court can be *vacated* or *modified* only (a) in a *proceeding instituted in this court* within the prescribed time interval or (b) in a *district court action* where relief is sought from an award procured by extrinsic fraud.[6] *These rigid standards imposing*

**4.** For the pertinent terms of 85 O.S.Supp.1994 § 172(E), see *supra* note 3.

**5.** *See* the terms of 85 O.S.Supp.1994 § 3.6 (providing that a decision of the Workers' Compensation Court does not become final until 20 days *after a copy is sent* to the affected parties). The pertinent terms of 85 O.S.Supp.1994 § 3.6 are:

C. The order, decision or award of the Court *shall be final* and conclusive upon all questions within its jurisdiction between the parties, *unless,* within twenty (20) days *after a copy of such order, decision or award has been sent by the Administrator to the parties affected,* an action is commenced in the Supreme Court of the state, to review such order, decision or award. Any order, decision or award made by a judge of the Court shall be considered as final under the provisions of this section unless

appealed to the Workers' Compensation Court sitting en banc as provided for in subsection A of this section. . . .

(emphasis supplied).

The quoted text was not changed by the 1997 amendment to the statute.

*See Snyder v. Smith Welding & Fabrication,* 1986 OK 35, 746 P.2d 168, 170; *Sears, Roebuck & Company v. Heller,* 1964 OK 132, 401 P.2d 184, 186–187; *Jones v. Troup–Moore & Hall Drilling Company,* 1961 OK 32, 359 P.2d 577, 578; *Special Indem. Fund v. Lewis,* 1948 OK 176, 196 P.2d 684, 686; *Kincannon v. American Oil & Refining Co.,* 1927 OK 221, 258 P. 741, 742–743; *Bedford–Carthage Stone Co. v. Industrial Commission,* 1926 OK 718, 249 P. 706, 707–708.

**6.** *Cavender v. Wofford Drilling Co.,* 1942 OK 97, 123 P.2d 261, 262 (syl.1). *See also Morgan v. Vandevers Dry Goods Company,* 1962 OK 69, 370

*a bar of finality that makes an order impervious to attack presuppose the existence of a prior decision that is facially valid. The principles claimant interposes are not invocable for application to an order that is facially void for want of cognizance* (or for absence of judicial power to act in a particular manner).[7] *Deemed void is only that decision which on the face of the record reveals that at least one of the three requisite elements of jurisdiction was absent, i.e., the trial tribunal's power (a) over the parties, (b) over the subject matter or (c) to pronounce the contested decision that was rendered.*[8] *When a jurisdictional infirmity is apparent from a facial inspection of the trial tribunal's proceedings,*[9] *its decision may be collaterally attacked and set aside upon motion of either party at any time.*[10]

P.2d 830, 832–833; *Gibbins v. Indian Electric Cooperative, Inc.*, 1950 OK 162, 219 P.2d 634, 635–636; *Malone v. United Zinc & Smelting Corp.*, 1936 OK 119, 54 P.2d 360, 361.

7. See Independent Oil & Gas Co. v. Clark, 1935 OK 808, 52 P.2d 789, 792, citing *Union Indemnity Co. v. Saling*, 1933 OK 481, 26 P.2d 217 (syl.6). *See also Gulfstream Petroleum Corp. v. Layden*, 1981 OK 56, 632 P.2d 376, 379, where the court extended the concept of "facial invalidity" to agency decisions, *holding that facially void agency orders stand subject to collateral vacation in a district court action.*

8. *Estate of Mouse*, 1993 OK 157, 864 P.2d 1284, 1286; *Hough v. Hough*, 1989 OK 65, 772 P.2d 920, 921; *Chamberlin v. Chamberlin*, 1986 OK 30, 720 P.2d 721, 725 n. 15; *Mayhue v. Mayhue*, 1985 OK 68, 706 P.2d 890, 893, 895; *Gulfstream, supra* note 7 at 379; *Scoufos v. Fuller*,1954 OK 363, 280 P.2d 720, 723; *State ex rel. Commissioners of Land Office v. Keller*, 1953 OK 371, 264 P.2d 742, 747–748; *Saling, supra* note 7 at 224, 225; *Pettis v. Johnston*, 1920 OK 224, 190 P. 681, 682.

9. *Saling, supra* note 7 at 224. Oklahoma jurisprudence teaches that the validity of compensation awards, like that of district court judgments, is determined by an inspection of the face of the proceedings. " '[T]he petition, the process, the return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court, *is equivalent* to the judgment roll at common law, which signified a roll of parchment upon which the proceedings and transactions of a court were entered by its officers, and which was then deposited in the court's treasury in *perpetuam rei memoriam.*"

### The Teachings of Ferguson

¶ 8 *The claimant relies on Ferguson v. Ferguson Motor Company*[11] for the notion that, once its order becomes final, the Workers' Compensation Court lacks cognizance to correct mere errors of law or fact unless there be a mistake in computation which is apparent from the face of the order (such as a plain miscalculation of benefits). *According to claimant, there is here no comparable defect. This is so because it is not apparent from the face of the September 27 award that its acceleration-of-payment clause serves to vitiate any part of the order as a matter of law.*

¶ 9 According to the teachings of *Ferguson,* a decision that is *merely irregular or erroneous* is not to be treated as void if its terms are nonetheless within the court's jur-

*Pettis, supra* note 8 at 684 (syl.)(emphasis supplied).

10. *Saling supra* note 7 at 224. *See also Title Guaranty & Surety Co. v. Foster*, 1920 OK 391, 203 P. 231, 236 (a judgment, which is rendered beyond the tribunal's jurisdiction - *i.e.*, one that it had no power to render—is void and may be successfully assailed on collateral attack). This principle is well stated in *United States v. Walker*, 109 U.S. 258, 266, 3 S.Ct. 277, 282, 27 L.Ed. 927 (1883)("Although a court may have jurisdiction over the parties and the subject-matter, yet, if it makes a decree which is not within the powers granted to it by the law of its organization, its decree is void."). *See also Windsor v. McVeigh*, 93 U.S. (3 Otto) 274, 282, 23 L.Ed. 914 (1876), where upon a review of the pertinent cases, the Court states:

("The doctrine invoked by counsel, that, where a court has once acquired jurisdiction, it has a right to decide every question which arises in the cause, and its judgment, however erroneous, cannot be collaterally assailed, is undoubtedly correct as a general proposition, but, like all general propositions, is subject to many qualifications in its application. . . . Though the court may possess jurisdiction of a cause, of the subject-matter, and of the parties, it is still limited in its modes of procedure, and in the extent and character of its judgments. *It must act judicially in all things, and cannot then transcend the power conferred by the law.*").
(emphasis supplied).

11. 1988 OK 137, 766 P.2d 335. For this proposition, claimant also cites *Scrappers, Inc. v. Wilson*, 1990 OK 42, 790 P.2d 1116, and *Special Indem. Fund v. Cole*, 1992 OK 104, 834 P.2d 959.

isdiction.[12]  *The power to adjudicate includes the power to do so wrongly, and an erroneous decision, until it is set aside or corrected in a manner authorized by law, is as binding as a correct ruling.*[13]  *Ferguson,* where *miscalculations were absent from the face of the award,*[14] *did not address itself to any facially void part of the order.  This case differs from Ferguson.*  Where, as here, it is apparent that the trial tribunal's action clearly was beyond its *power, that portion of the decision for which there is no authority is facially void.*[15]

## III

## THE TERMS PRESCRIBED BY 85 O.S. SUPP.1994 § 172(E) FOR FASHIONING THE PAYMENT METHOD OF AN AWARD AGAINST THE SPECIAL INDEMNITY FUND IS A RESTRICTION ON THE COURT'S POWER TO ACT

### A.

### *Jurisdiction In Compensation Law*

▮▮▮ ¶ 10 In workers' compensation jurisprudence, "jurisdiction" is used in *two dif-*ferent contexts.  More often it refers to a "jurisdictional issue", such as that which is tendered when the claimant's status *qua* respondent's employee is in contest.[16]  Once an issue is identified as jurisdictional, it calls for a *de novo* review.[17]  In the *other jurisprudential context,* which is implicated here, cognizance (as the synonym of jurisdiction) denotes *a **restriction** on the Workers' Compensation Court's **power to act** rather than a **direction*** whose mistaken application to the case at hand would be no more than error of law.  If a statute provides merely a rule of law to govern the subject matter with which it deals, failure to follow it strictly is but an error of law, not an act in the *absence of the court's power.*[18]

### B.

### *The Extent Of The Workers' Compensation Court's Authority Over Claims For Imposition Of Liability Against The Special Indemnity Fund Also Serves As The Boundary Of Its Power To Act*

▮▮▮ ¶ 11 Because the Fund's liability represents a narrowly tailored subclass of

---

**12.** In *Ferguson, supra* note 11 at 337, the claimant sought to correct an alleged error in the award there under review by a *nunc pro tunc* order of the Workers' Compensation Court. The court held that the trial tribunal's power to correct its judgments (and final orders) *nunc pro tunc* extends only to clerical errors or miscalculations appearing on the face of the decision, *not to erroneous judicial findings.  See also Fitzsimmons v. City of Oklahoma City,* 1942 OK 422, 135 P.2d 340, 341 (syl.2) (a judgment is no less conclusive because it is based upon a mistake of law).

**13.** *Ferguson, supra* note 11 at 337; *Woodrow v. Ewing,* 1953 OK 60, 263 P.2d 167, 171; *Lee v. Harvey,* 1945 OK 63, 156 P.2d 134, 135.

**14.** Because there was no facial miscalculation (or clerical errors), the alleged mistake in setting the award's weekly benefits was beyond the reach of the trial judge's power to correct *nunc pro tunc.  Ferguson, supra* note 11 at 338.

**15.** *Roth v. Union Nat'l Bank,* 1916 OK 823, 160 P. 505 (syl.); *Keller, supra* note 8 at 747.  *See also In re Jackson's Estate,* 1926 OK 146, 245 P. 874, 878 (the court opined that if "a judgment or decree includes a decision of an independent and separable subject-matter or question *within* and

an independent and separable subject-matter or question *beyond its jurisdiction,* the same is valid as to the former and a mere nullity as to the latter, and is not void in toto") (emphasis supplied).

**16.** *Mahan v. NTC of America,* 1992 OK 8, 832 P.2d 805, 807–08 (Opala, C.J., concurring) (discussing the history of "jurisdictional issues" in compensation judicature); *Brown v. Burkett,* 1988 OK 49, 755 P.2d 650, 651 (master-servant relationship is a jurisdictional prerequisite for a compensation award); *Fluor Engineers & Contractors, Inc. v. Kessler,* 1977 OK 37, 561 P.2d 72, 74; *Nichols v. State Industrial Commission,* 1952 OK 307, 248 P.2d 616, 619; *Scott v. Board of Com'rs of Garvin County,* 1941 OK 379, 119 P.2d 56, 57.

**17.** In a *de novo* appellate review the court exercises its judgment independently and without deference to the findings of fact or to the legal rulings made below. *Mahan, supra* note 16 at 807–08 (Opala, C.J., concurring); *Johnson v. Rodgers,* 756 F.2d 79, 81 (10th Cir.1985).

**18.** For the distinction between *excess and absence of cognizance* see *Gulfstream, supra* note 7 at 378; *Oklahoma Tax Com'n v. City Vending,* 1992 OK 110, 835 P.2d 97, 104–05 (Opala, C.J., concurring in judgment).

the compensation law's judicature, this court, ever since the pronouncement in *Cameron & Henderson v. Franks*,[19] has subjected its outer perimeter to *strict construction*, viewing the curbs on the Fund's obligation as a *limit on the court's power to act*.[20] *The sweep of powers assigned to the Workers' Compensation Court tracks precisely the perimeter drawn by legislatively established boundaries for the Fund's obligation, leaving the trial tribunal with no excess authority. In short, judicial power over the Fund's obligation extends no farther than the very boundary of the Fund's statute-imposed liability.*

## C.

### *The Legislative Mandate of 85 O.S.Supp.1994 § 172(E)*

¶ 12 We previously addressed the issue now before us in *Special Indemnity Fund v. Bryant*.[21] There, the trial tribunal ordered the Fund to begin paying awarded compensation within twenty days of the time its order was filed. The claimant had earlier received a lump-sum award against his last employer for a job-related injury. The Fund argued in *Bryant* that since the court's award was entered against it *after* a previous lump-sum settlement with the employer, the payments to be made by the Fund should have been delayed until the time the periodic payments from the employer's award would have ceased. The then-effective terms of 85 O.S. Supp.1945 § 172[22] provided that "after

payments by the employer or his insurance carrier, if any, have ceased, the remainder of such compensation shall be paid out of the Special Indemnity Fund." Observing that *an award can be made only in accordance with statutory authority*, the court held in *Bryant* that since all the benefits from the employer had been paid in full, the trial tribunal did not err in ordering the benefits from the Fund to start immediately.[23]

¶ 13 *Bryant's teachings came to be abrogated by the 1994 amendment of § 172(E), the version applicable to the award here in contest.*[24] The amended text of that section *now directs the Fund benefits to begin at a time certain.* Their payment may not commence *until* employer-paid weekly benefits had come to an end, *or in the case of a lump-sum award (or settlement), until a statutory calculation of time for payment would have passed.* The manner currently prescribed by § 172(E) for fashioning the payment schedule for an award against the Fund is the *outer limit of the Fund's statutory liability.* It must hence also be construed *as the jurisdictional boundary of the trial tribunal's power to act.*

## D.

### *The Earlier Award's Acceleration Of The Fund's Payments, Which Is*

### *Facially Apparent, Is Unenforceable As Void*

¶ 14 If the face of the proceedings makes it apparent that the trial tribunal

19. *Cameron & Henderson v. Franks*, 1947 OK 232, 184 P.2d 965.

20. *All portions of the Special Indemnity Fund Act that affect the outer limit of the Fund's statutory liability stand construed as a restraint on the Workers' Compensation Court's jurisdictional power*: [1] One's status as a *physically impaired person* is treated as a jurisdictional fact and reviewed *de novo. See, e.g., Garrison v. Bechtel Corp.*, 1995 OK 2, 889 P.2d 273, 278–79; *Special Indem. Fund v. Choate*, 1993 OK 15, 847 P.2d 796, 801; *Special Indem. Fund v. Stoveall*, 1962 OK 26, 368 P.2d 847, 848; *Special Indem. Fund v. Smith*, 1952 OK 110, 242 P.2d 159, 161; *Special Indem. Fund v. Hunt*, 1948 OK 58, 200 Okla. 1, 190 P.2d 795, 797–98. [2] Other *jurisdictional* requirements are: (a) that the claimant (a physically impaired person) suffer a *compensable injury* under the compensation law which *results in additional permanent disability*, and (b) that the

degree of disability caused by the combination of both disabilities is *materially greater* than that which would have resulted from the subsequent injury alone. *Special Indem. Fund v. Wilbanks*, 1959 OK 115, 340 P.2d 469, 471; *Hunt, supra* at 797. [3] When the Fund's liability is found to have been anchored in an incorrect calculation of critical disabilities, *the award will be vacated for lack of the essential jurisdictional underpinning. Special Indem. Fund v. Chambers*, 1960 OK 233, 356 P.2d 1094, 1096.

21. *Special Indem. Fund v. Bryant*, 1952 OK 13, 239 P.2d 1014.

22. 85 O.S.Supp.1945 § 172.

23. *Bryant supra* note 21 at 1016.

24. For the pertinent terms of 85 O.S.Supp.1994 § 172, see *supra* note 3.

acted in clear violation of a *restriction upon its power to act*, the part of the order that is so affected is *unenforceable*. In the case now before us, the trial tribunal entered an order directing that payments from the Fund begin *immediately after* the benefits of a lump-sum award became the claimant's due according to the terms of settlement with the last employer. Because the acceleration-of-payment provision in the September 27 award (a) is apparent upon the *face of the proceedings* and (b) constitutes an act then beyond the trial tribunal's power, there was no error in the Workers' Compensation Court's refusal to enforce *that portion of the contested award. The offending part must be regarded as unenforceable for facial invalidity.*

## IV

## SUMMARY

■■■■ ¶ 15 The terms of 85 O.S.Supp. 1994 § 172(E), which direct that Special Indemnity Fund's payments begin *not earlier than* a certain point of time following the award against the last employer, *are a restriction on the Workers' Compensation Court's power to act. The authority of the Workers' Compensation Court over claims against the Fund is merely co-extensive with* the outer limit of the Fund's statute-imposed liability. Because from the face of the proceedings it is apparent that a part of the trial tribunal's earlier award against the Fund was in clear violation of its restricted authority over the schedule of benefits to be paid, that part of the September 27 award is unenforceable as facially void.[25] *In short, the Workers' Compensation Court did not err in refusing to enforce the inefficacious acceleration-of-payment portion of its earlier order.*[26]

¶ 16 On certiorari previously granted upon the claimant's petition, the Court of Civil Appeals' opinion is vacated and the order of the Workers' Compensation Court stands sustained.

¶ 17 SUMMERS, C.J., HARGRAVE, V.C.J., HODGES, LAVENDER, WATT, and WINCHESTER, JJ., concur.

¶ 18 KAUGER, J., concurs in result.

¶ 19 BOUDREAU, J., disqualified.

**25.** Because the schedule of payments in the September 27 order is unenforceable as facially void, the trial tribunal would be free to change its terms on remand, upon motion of either party, by making that schedule conformable *stricto sensu* to the pertinent provisions of 85 O.S.Supp. 1994 § 172(E). *Saling, supra* note 8 at 217 (syl.6), 224.

**26.** Today's pronouncement makes it unnecessary to reach for resolution *two other arguments* advanced in the claimant's briefs - *i.e.,* that the terms of 85 O.S.Supp.1994 § 42 and of 85 O.S.Supp.1994 § 172(E) are constitutionally infirm. The attack on the former statute, timely made, urges that § 42 is unconstitutional because its provisions deny the claimant any remedial access to the trial tribunal for enforcement of an award against the Fund. In response to this argument, it suffices to say that, if it were available, the remedy sought here would have been at variance with the terms of 85 O.S.Supp.1994 § 172(E), which draw *the outer boundary of the Fund's statutory liability.* The latter statute—the 1994 version of § 172(E)—is *challenged as infirm for the first time in claimant's petition for rehear-* ing of the COCA opinion. Non-jurisdictional issues, raised for the first time on rehearing or on certiorari, are generally unfit for review. *See* in this connection *City of Oklahoma City v. State ex rel. Oklahoma Dept. of Labor,* 1995 OK 107, 918 P.2d 26, 32; *First Federal Sav. and Loan Ass'n v. Nath,* 1992 OK 129, 839 P.2d 1336, 1342; *Brigance v. Velvet Dove Restaurant,* 1988 OK 68, 756 P.2d 1232, 1234; *Pirrong v. Pirrong,* 1976 OK 36, 552 P.2d 383, 387; *Pointer v. Hill,* 1975 OK 73, 536 P.2d 358, 361; *Brown v. State Election Bd.,* 1962 OK 36, 369 P.2d 140, 151; *Hope v. Peck,* 1913 OK 472, 134 P. 33. The claimant's reliance on the public-law exception to the general rule is equally misplaced. The exception *may* allow the court, *but does not require it,* to review *dispositive issues* that were not timely raised. In a public-law dispute, the reviewing court is not required to resolve issues deemed *unnecessary for the disposition of the case before it. Reynolds v. Special Indem. Fund,* 1986 OK 64, 725 P.2d 1265, 1270. In short, the public-law-issue exception does *not arm the claimant with a license to demand* answers to questions that (a) were overlooked by the parties, (b) were not timely urged for other reasons or (c) are not considered dispositive of the case.