**SPECIAL INDEMNITY FUND, Petitioner,**

v.

**James Douglas COLE and The Workers' Compensation Court, Respondents.**

**No. 76919.**

Supreme Court of Oklahoma.

July 14, 1992.

---

**17.** *Mitchell v. Forsyth, supra* note 3; *Wyatt v. Cole, supra* note 5.

**18.** *Town of Ames v. Wybrant, supra* note 12.

David Custar, Oklahoma City, for petitioner.

Richard A. Bell, Norman, for respondents.

HODGES, Vice Chief Justice.

The issues presented for this Court's consideration are: (1) Whether the Workers' Compensation Court erred in denying the request by the Special Indemnity Fund (Fund), petitioner in this appeal, for an order nunc pro tunc to correct an award against the Fund to the statutory amount; (2) Whether the Workers' Compensation Court erred in commuting an award for

permanent total disability benefits against the Fund to a lump sum; (3) Whether the Workers' Compensation Court erred in awarding the claimant, James Douglas Cole, $10,531.00 in attorney's fees above the amount previously awarded; and (4) Whether the Workers' Compensation Court erred in certifying its order to the district court.

On June 27, 1988, claimant filed a claim against the Fund. The parties stipulated that the claimant was a physically impaired person due to four previous injuries. The parties also stipulated that the compensation rate on the last injury was $163.00. In his order, the judge found that the claimant was permanently and totally disabled as a result of the combination of his injuries. The judge ordered the Fund to pay the claimant $217.00 a week.

The Fund appealed the order but did not raise the amount of the award as an issue in that appeal. The Court of Appeals sustained the Workers' Compensation Court, granted the claimant's motion for attorneys fees for filing a frivolous appeal, and remanded the case for a hearing and determination of those fees. On July 9, 1990, the Workers' Compensation Court recognized the Court of Appeals' decision.

The Fund discovered that the $217.00 was not the amount stipulated in the hearing and began issuing checks at the rate of $163.00, the stipulated amount of compensation. The claimant filed an Application to Assume Original Jurisdiction and Petition for Writ of Mandamus asking that the Fund be required to pay the $217.00 rate. The claimant requested the award be certified to the district court. The Fund moved the Workers' Compensation Court for an order nunc pro tunc to correct the rate to $163.00. The claimant filed a Motion to Accelerate Payments and a Motion for Attorney Fees and Costs.

The Workers' Compensation Court held a hearing on the motions. Thereafter, the trial tribunal entered an order (1) denying the Fund's Motion for Order Nunc Pro Tunc, (2) awarded the claimant an additional $10,531.00 for attorney's fees, (3) accelerated the award, (4) certified the order, and (5) assessed interest. The Fund appealed. The claimant responded and filed a request for additional attorney's fees.

The Fund argues: (1) The trial court erred as a matter of law in commuting an award of Fund benefits to a lump sum; (2) The trial court erred in denying the Fund's Motion for Order Nunc Pro Tunc; (3) The trial court erred in certifying to the district court an order which contained a facially-apparent jurisdictional defect; and (4) The award of additional attorney's fees in the amount of $10,531.00 is not supported by the evidence and is not consistent with the Court's mandate concerning attorney's fees.

## I.

The Fund argues that, based on section 172(B) of title 85, the Workers' Compensation Court did not have the authority to order that the benefits be paid in a lump sum. Section 172(B) provides: "In permanent total disability cases the same shall be paid in periodic payments, as set forth in Section 22 of this title, and *shall not be commuted to a lump-sum.*" [1]

The claimant argues that the Workers' Compensation Court had the authority to accelerate the payments pursuant to section 41(C). Section 41(C) provides:

> Failure for ten (10) days to pay any final award or any portion thereof, as ordered shall immediately entitle the beneficiary to an order finding the respondent and/or insurance carrier to be in default and all unpaid portions, including future periodic installments unpaid, shall immediately become due and may be immediately enforced as provided by Section 42 of this title.

We addressed this issue in *Special Indemnity Fund v. Laxton* [2]. In *Laxton*, the Fund failed to make timely payments as ordered by the trial tribunal. The claimant filed a motion to accelerate the pay-

---

**1.** Okla.Stat. tit. 85, § 172(B) (Supp.1986) (emphasis added).

**2.** 400 P.2d 820 (Okla.1965).

ments. This Court reasoned that the standards applicable to the Fund were different from the standards applicable to an employer and its insurer. An award against an employer and insurance carrier could be commuted to a lump sum in advance of accrual for default subject to section 41; however, section 41 did not apply to the Fund. Likewise, in the present case section 41 does not apply to the Fund.

Section 172 is the applicable statute when the award is against the Fund. Section 172 prohibits lump-sum payments against the Fund for permanent total awards. Also section 172 prohibits benefits to be accelerated in advance of accrual in cases involving a permanent total disability award against the Fund. Therefore, the Workers' Compensation Court erred in ordering a lump-sum payment in the present case.

## II.

 The trial tribunal did not err in denying the Fund's Motion for Order Nunc Pro Tunc. A Workers' Compensation Court's award becomes "final and conclusive" unless (1) within 10 days from the time the order is sent, the aggrieved party appeals to the three-judge review panel of the Workers' Compensation Court; (2) within 20 days after a copy of the order is sent, the aggrieved party appeals to this Court;[3] or (3) within 20 days after a copy of the order is sent, the Workers' Compensation Court vacates the order after notice and a hearing.[4] In the present case, the Fund appealed the order. The Court of Appeals sustained the Workers' Compensation Court and mandate issued. The award became final with the issuance of mandate.

The Fund relies on the stipulation by the claimant that the compensation rate paid by the last employer for the last combinable compensable injury was $163.00 and section 172(B) of title 85 which provides that "[t]he compensation rate for perma-

nent total awards from the Special Indemnity Fund shall be the compensation rate for permanent partial disability paid by the employer in the last combinable compensable injury." The Fund argues that the award setting the compensation rate at $217.00 should be corrected nunc pro tunc to $163.00.

A nunc pro tunc order is for the limited purpose of correcting "clerical errors or miscalculations appearing on the face of the decision, not to erroneous judicial findings."[5] In the award, the trial judge found that the claimant "is due compensation at the rate of $217.00 per week" and ordered the Fund "to pay compensation to claimant at the rate of $217.00 per week." The trial judge did not find the rate of compensation for the last combinable compensable injury to be $163.00. Had the trial judge made such a finding in the order, the error would have appeared on the face of the decision. Because the error does not appear on the face of the order, we hold that the Workers' Compensation Court correctly denied the Fund's Motion for Nunc Pro Tunc Order.

*Ferguson v. Ferguson Motor Co.*[6] is directly on point. In *Ferguson*, the claimant's Form 3-a indicated that the decedent-spouse's weekly wage was $120.00. Section 22(8)(a)(1) of title 85 in effect at that time provided that "a surviving spouse was to receive income benefits equal to 50% of the deceased's average weekly wage."[7] The Workers' Compensation Court set the claimant's weekly payments at $163.00. The respondent argued that the award should be corrected and that the Workers' Compensation Court had the authority to issue a nunc pro tunc order. This Court disagreed.

In *Ferguson*, the Workers' Compensation Court did not make a finding that the decedent-spouse's weekly wage was $120.00. Therefore, the miscalculation or error did not appear on the face of the

---

**3.** Okla.Stat. tit. 85, § 3.6(A)–(B) (Supp.1986).

**4.** *Ferguson v. Ferguson Motor Co.*, 766 P.2d 335 (Okla.1985).

**5.** *Id.* at 337.

**6.** 766 P.2d 335 (Okla.1988).

**7.** *Id.* at 337.

order. This Court held "that because the mistake sought to be corrected [was] not apparent from the four corners of the decision as a clerical or mathematical error, the award [was] not correctable by the trial tribunal in a nunc pro tunc proceeding." [8]

The Fund seeks to distinguish *Ferguson* from the present case because the trial judge in *Ferguson* found that the wages " 'were sufficient to allow the use of the compensation rate of $163.00 per week.' " [9] In the present case, the trial judge found that the claimant was "due compensation at the rate of $217.00 per week." We find no significant distinction between the two findings.

The Fund also argues that the Workers' Compensation Court was without jurisdiction to award the claimant $217.00 per week because the section 172(B) provides that "[t]he compensation rate for permanent total awards from the Special Indemnity Fund shall be the compensation rate for permanent partial disability paid by the employer in the law combinable compensable injury." The Workers' Compensation Court had the power to adjudicate the compensation rate.[10] As we stated in *Ferguson:* "The power to adjudicate includes the power to do so *wrongly,* and an *erroneous decision,* until it is set aside or corrected in a manner authorized by law, is as binding as a correct ruling." [11] Therefore, the Workers' Compensation Court properly denied the Motion for Nunc Pro Tunc Order.

### III.

■ The Fund argues that based on the evidence the award of $10,531.00 in additional attorney's fees is excessive and several items were improperly considered. The Workers' Compensation Court assessed the Fund for $10,531.00 for thirty hours of adjuster's fees, thirty-one and one-half hours of attorney's fees, and other costs of $106.00. We agree that $10,531.00 is excessive but disagree that several items were improperly considered.

The claimant has requested attorney's fees for Mr. Doty for twenty hours; for Mr. Hancock for one hour; for Bob Bell for 30 hours; and for Richard Bell for ten and one-half hours. The claimant also requested $100.00 reimbursement for the filing.

■ The claimant requests reimbursement for expenses incurred by Bob Bell who is not an attorney but an employee. The Court of Appeals' award provided only for additional attorney fees, not for other costs. Therefore, the fees of Bob Bell were outside the purview of the award, and the Worker's Compensation Court erred in awarding those fees to the claimant.

■ The Fund argues that several items were improperly considered for reimbursement. The Fund reasons that the Court of Appeals awarded attorney's fees associated only with the appeal. The Court of Appeals found that the appeal was frivolous and properly assessed attorney's fees against the Fund. This award included not only the attorney's fees associated with the appeal but those associated with the post-appeal proceeding necessary in the collection of the benefits awarded the claimant and the attorney's fees themselves. After a review of the record and consistent with *Oliver Sports Center, Inc. v. National Standard Ins. Co.,* [12] we find that a reasonable fee for the services of the claimant's attorneys is $4,725.00. Okla.Stat. tit. 20, § 15.1 (1991). Likewise, the $100.00 associated with filing with the court clerk is recoverable.

### CONCLUSION

The order of the Workers' Compensation Court dated December 20, 1990, is vacated in part and sustained in part. Paragraph 4 of that order awarding an additional $10,531.00 in attorney's fees is vacated. Paragraph 5 of that order accelerating the pay-

---

8. *Id.*

9. *Id.*

10. *See* Okla.Stat. tit. 85, §§ 11 and 172 (Supp. 1986).

11. *Ferguson,* 766 P.2d at 338.

12. 615 P.2d 291 (Okla.1980).

ments to a lump sum of $243,582.50 is vacated. Likewise, paragraph 6 certifying the award of $243,582.50 in benefits and $10,531.00 in attorney's fees is vacated. Paragraph 3 of the Workers' Compensation Court's order denying the Motion for Nunc Pro Tunc Order is sustained. The assessment of interest at eighteen per cent per year on the accrued payments pursuant to Okla.Stat. tit. 85, § 42 (1981), is sustained. The cause is remanded to the Workers' Compensation Court with instructions to enter an award for the accrued payments and for additional attorney's fees and costs. The Workers' Compensation Court is also authorized to certify the award for the accrued payments and for the attorney's fees and assess interest thereon at eighteen per cent against the Fund consistent with Okla.Stat. tit. 85, § 41(C) (1981).

ORDER OF WORKERS' COMPENSATION COURT VACATED IN PART, SUSTAINED IN PART; CAUSE REMANDED WITH INSTRUCTIONS.

OPALA, C.J., and LAVENDER, HARGRAVE, ALMA WILSON, SUMMERS and WATT, JJ., concur.

KAUGER, J., concurs in result.

SIMMS, J., concurs in part, dissents in part.