**SPECIAL INDEMNITY FUND, Petitioner,**

v.

**Joe A. TRIM, and The Workers' Compensation Court, Respondents.**

**No. 79646.**

Court of Appeals of Oklahoma, Division No. 1.

Dec. 8, 1992.

David Custar, Oklahoma City, for petitioner.

James Lowell, Tulsa, for respondents.

## MEMORANDUM OPINION

GARRETT, Judge:

On January 29, 1992, the Workers' Compensation Court awarded compensation benefits to Respondent Joe A. Trim (Claimant) for 45% permanent partial disability (PPD) to the body as a whole (neck and left shoulder). The trial court also found that at the time of this injury, Claimant was a previously physically impaired person by reason of a January, 1988, injury for disability of 10.8% to the body as a whole (27% right hand). The total amount of the award was $17,300.00, representing an increase of 20% PPD to the body as a whole. Petitioner Special Indemnity Fund (Fund) brings this review proceeding from two orders of the trial court which were entered April 27, 1992. The orders commuted the January 29, 1992, award to a lump sum, and certified the award to the district court, finding Fund had failed to comply with the January 29, 1992, order, and was in default in its payment of the award.

The only issues before us are whether the trial court erred in commuting the award to a lump sum; and, whether the trial court erred in certifying the award to the district court.

Fund contends that an award against the Fund may not be commuted to a lump sum. It cites *Special Indemnity Fund v. Laxton*, 400 P.2d 820 (Okl.1965), and the recent case of *Special Indemnity Fund v. Cole*, 834 P.2d 959 (Okl.1992) as authority for this position. Awards against Fund are not subject to 85 O.S. Supp.1986 § 41(C), which provides:

Failure for ten (10) days to pay any final award or any portion thereof, as ordered shall immediately entitle the beneficiary to an order finding the respondent and/or insurance carrier to be in default and all unpaid portions, including future periodic installments unpaid, shall immediately become due and may be immediately enforced as provided by Section 42 of this title....

The *Cole* court cited *Laxton*, supra, and held that 85 O.S.Supp.1986 § 172 is the applicable statute when the award is against the Fund. Specifically, the court held § 172 "prohibits lump-sum payments against the Fund for permanent total awards. Also section 172 prohibits benefits to be accelerated in advance of accrual in cases involving a permanent total disability award against the Fund...." 834 P.2d at 962.

Both *Cole* and *Laxton* involve awards for permanent total disability. Herein, however, there is an award of permanent partial disability. Section 172(B), pertaining to permanent total disability, specifically provides the award against the Fund "shall be paid in periodic payments, as set forth in Section 22 of this title, *and shall not be commuted to a lump-sum payment.*" (Emphasis added). Section 172(A), pertaining to permanent partial awards, provides in part:

After payments by the employer or his insurance carrier, if any, have ceased, the remainder of such compensation shall be paid out of the special Indemnity Fund provided for in Section 173 of this title, *in periodic installments.* (Emphasis added).

Although § 172(A) lacks the specific prohibition against commutation of the award for permanent partial disability awards, it does provide for the award to be paid by the Fund "in periodic installments." We see no reason not to apply the same rule when the statutory language of § 172(A) clearly states the award is to be paid in installments. We conclude the trial court erred in commuting the award against the Fund to a lump sum award. We vacate that order.

As to the order, entitled "Journal Entry of Judgment", of the trial court certifying the award of $17,300.00 to the district court, we conclude this order must be vacated. The Supreme Court in *Cole*, su-

pra, addressed the propriety of certifying the entire award, accrued and unaccrued payments, to the district court and held the workers' compensation court was authorized to certify the award for the accrued payments only. *Special Indemnity Fund v. Cole*, 834 P.2d at 964. Thus, the order certifying the award of $17,300.00 to the district court is vacated, and we remand to the trial court, authorizing it to certify the award for the accrued payments only.

VACATED AND REMANDED.

ADAMS, P.J., and JONES, J., concur.