Lucille E. BATT and Joe Farnan, Real Party in Interest, Petitioners,

v.

SPECIAL INDEMNITY FUND and the Workers' Compensation Court, Respondents.

No. 78427.

Supreme Court of Oklahoma.

Dec. 21, 1993.

from the Special Indemnity Fund abates upon the death of the Employee where the Special Indemnity Statute 85 O.S.1981, § 172(C) (renumbered as 85 O.S.1991, § 172(D)) states "[a]wards from the Special Indemnity Fund shall abate upon the death, from any cause, of the employee." We hold that according to the law in effect at the time of injury, Attorney's fee abated as part of Employee's award.

## FACTS AND PROCEDURAL HISTORY

Respondent attorney Joe Farnan (Attorney) represented Lucille E. Batt (Employee) in a compensation claim for an injury Employee incurred at her place of employment. The injury occurred in February 1986 when Employee was 63 years old. Employee filed a claim in March 1986. In December 1988, the Workers' Compensation Court found that Employee was a previously physically impaired person. The court combined all prior injuries with the current injury and found her to be permanently and totally disabled. The court ordered Petitioner Special Indemnity Fund (Fund) to pay Employee $163.00 per week for five years or until Employee reached age 65 whichever period came later, according to 85 O.S.1981, § 172(B).[1] The court ordered that every 5th weekly payment of $163.00, not to exceed 500 weeks, would be paid to the Attorney instead of to the Employee.

The Employee died in December 1989. The Fund discontinued payments to the Employee and stopped paying the Attorney as well. The Attorney filed a motion asking the Workers' Compensation Court to order the Fund to continue paying the attorney's fee. Attorney contended that the Fund wrongly ceased payments to him and that only payments to the Employee abated at her death. The court held that the attorney's fee awarded to the Attorney was part and parcel of the award to the Employee and therefore abated upon her death. Upon Attorney's request, a panel of three Workers' Compensation Court judges reviewed Attorney's claim. The three

David Custar, State Ins. Fund, Oklahoma City, for respondents.

Joe Farnan, Purcell, for petitioners.

LAVENDER, Vice Chief Justice.

The question presented is whether the attorney's fee portion of an award made

1. Now 85 O.S.1991, § 172(B) and Supp.1992.

judge panel denied Attorney's claim for his attorney's fee past the date of the Employee's death.

The Court of Appeals sustained the judgment of the Workers' Compensation Court. On rehearing, however, the court vacated the Workers' Compensation Court three judge panel and remanded the matter with instructions citing a 1992 amendment to 85 O.S. 1991, § 30. The amendment added the sentence "[t]he right to any such attorney fee shall be vested at the time the award therefor becomes final." The court found this amendment dispositive, although it was not in effect at the time the award become final.

## ANALYSIS

The Court of Appeals held that the Attorney's fee award was independent of the Employee's award and based its holding on *Oklahoma Dep't of Transp. v. Barnes*[2] and *Chamberlain v. American Airlines.*[3] Both these cases cover issues involving conversion of attorneys' fees to lump sums from awards made other than against the Fund. However, in *Barnes* the court recognizes that attorneys' fees are deducted from the *employee's award,* evidencing there is only one award made. Likewise, in *Chamberlain* we noted

that "attorney fees are to be paid from the claimant's award." [4]

In *Chamberlain* we held that the commutation of attorney fees to a lump sum is mandatory if there is an award made for permanent total disability.[5] However, since neither case addresses the statutes governing the Special Indemnity Fund, and since Attorney in the instant case has plainly stated he is not seeking a lump sum payment, the cases are not dispositive.

The Court of Appeals also relied on *Taylor v. Special Indem. Fund*[6] where we held that 85 O.S.1981, § 30 regarding attorneys' fees in workers' compensation awards controls over 85 O.S.1981, § 172 as to the method of payment of attorney fees. In *Taylor* we held that "attorney fees after an award from the Fund must be paid in a lump sum." [7] Here again, *Taylor* is not dispositive, because Attorney is not requesting a lump sum award. In fact Attorney concedes he did not appeal from the method of payment decided by the Workers' Compensation Court, i.e., $163.00 every fifth week for five years or until Employee reached the age of 65, whichever period came later.

The Court of Appeals next relied on a 1992 amendment to 85 O.S.1991, § 30 which

---

**2.** 818 P.2d 923 (Okla.App.1991).

**3.** 740 P.2d 717 (Okla.1987).

**4.** *Id.,* at 720.

**5.** This holding was based partially on language found in 85 O.S.1981, § 30 which stated:
Claims for legal services for permanent total disability awards or death awards may be paid in a lump sum ... until the attorney fee is satisfied.
The Legislature in 1992 changed section 30 to:
Claims for legal fees for permanent total disability awards *shall* be paid periodically ... until the attorney fee is satisfied. (Emphasis added.)
....
Claims for legal services for death awards may be paid in a lump sum ... until the attorney fee is satisfied.
85 O.S.Supp.1992, § 30. (1992, C. 294, § 8, eff. Sept. 1, 1992).
The Legislature clarified its intent as to legal awards for permanent total disability awards.

The language in section 30 is now harmonized with the language in 85 O.S.1981, § 172 (also 85 O.S.1991, § 172 and Supp.1992) which states:
In permanent total disability cases the same *shall* be paid in periodic payments ... and *shall not* be commuted to a lump-sum payment. (Emphasis added).

**6.** 804 P.2d 431 (Okla.1990).

**7.** *Id.* at 433. But see the dissenting opinion in *Taylor:*
*Unlike* the *general* provisions of workers' compensation law (85 O.S.1981 § 30), which *expressly sanctions* lump-sum payments to satisfy an attorney's fee award in ordinary claims against the employee, the *specific,* self-containing statute (85 O.S.1981 § 172), which *governs* the Fund's liability in suit to the exclusion of all others, explicitly prohibits commutation of any part of a permanent total disability adjudication. *Id.* at 433–34 (Emphasis in original).

states, "[t]he right to any such attorney fee shall be vested at the time the award therefor becomes final."[8]  The court reasoned that the amendment explains what was previously intended and that it clarifies attorney's right as to fees.  However, the Fund contends that the new language in section 30 is the Legislature's response to *Chamberlain* and *Taylor* (see notes 5 and 7 herein) where we made lump sum awards to attorneys in permanent total disability cases mandatory. The Fund maintains that the new language taken in context is intended to correct those holdings.

> Claims for legal fees for permanent total disability awards shall be paid periodically ... until the attorney fee is satisfied.  The right to any such attorney fee shall be vested at the time the award therefor becomes final.  85 O.S.1992 Supp., § 30.

■ Whatever the implications of the 1992 amendment, because the language *was not in effect at the time of Employee's injury*, it does not govern the case at hand.  The law in effect at the time of an employee's injury controls in workers' compensation matters.[9] "A compensation claim is controlled by the laws in existence at the time of injury and not by laws enacted thereafter.  ... No subsequent amendment can operate retrospectively to affect in any way the rights and obligations which are fixed."[10]  We note that 85 O.S.1981, § 3.6(D) of the Workers' Compensation statutes provides, "[b]enefits for any injury shall be determined by the law in effect at the time of injury...."

Since the injury to the Employee in the instant case occurred in 1986, the workers' compensation statutes in force at that time governs the dispute.  The applicable statute

for making an award against the Fund is 85 O.S.1981, § 172.[11]  Section 172(C) states:

> Awards from the Special Indemnity Fund shall abate upon the death, from any cause, of the employee.

Section 172 is silent on attorney fees.  In *Taylor* we noted that section 30 speaks to attorneys' fees and does not distinguish among awards against employers, insurance carriers, and the Fund.[12]  However, section 30 is also silent as to the status of attorneys' awards at the death of the employee.  Section 41, though, contains two abate provisions referring to an employee's death.  Section 41(A) states in regard to awards made for permanent partial disability:

> In case of the death of a claimant due to causes other than his accidental personal injury or occupational disease at any time before satisfaction or payment of the total award is made, the award shall not abate, but shall be revived in favor of the persons determined by the Court to be entitled thereto.  85 O.S.1981, § 41(A).

The provision is couched to govern permanent *partial* disability awards.

Section 41(C) also has an abate clause.  It states:

> An award for disability may be made after the death of the injured employee, when death results from causes other than the injury.  If an employee dies as a result of a compensable injury or an occupational disease, any unaccrued portions of an award or order shall abate.  85 O.S.1981, § 41(C).

This provision also governs a specific situation, i.e., when the employee dies as a result

---

**8.**  85 O.S.1992 Supp., § 30.  We note that this amended portion of section 30 was enacted six years after the Employee's injury, four years after the Workers' Compensation Court made the award to the Employee, and did not become effective until the month following the Court of Appeals decision on rehearing.  While the amended portion no doubt will be relevant to future cases, it does not control the case at hand.

**9.**  *Special Indem. Fund v. Archer,* 847 P.2d 791 (Okla.1993); *Knott v. Halliburton Services,* 752 P.2d 812 (Okla.1988).

**10.**  *Knott,* 752 P.2d at 813–14.

**11.**  *Special Indem. Fund v. Cole,* 834 P.2d 959, 962 (Okla.1992).

**12.**  *Taylor v. Special Indem. Fund,* 804 P.2d 431, 433 (Okla.1990).

of the injury. It follows that the abate provision contained within section 172 is intact in and of itself and is applicable only to awards made from the Fund. Section 172(C) states that awards from the Fund shall abate upon the employee's death. The statement contains no limitations, nor does it differentiate among awards for permanent partial disability, permanent total disability, compensable injury related death, revival, or attorneys' fees. It simply lays out that awards from the Fund abate at the death of the employee. If the Legislature had intended limitations to this pronouncement or if it had intended for payments for attorneys' fees to be continued after the abatement of an employee's award, it would have so stated.

In the instant case the Employee's award was made from the Fund. There was one award made. Within the award, the Workers' Compensation Court included attorneys' fees. The Employee received a weekly payment of the award for four consecutive weeks and then on every fifth week the payment was diverted to the Attorney. The language in 85 O.S.1981, § 172(C) speaks of "awards". The Fund contends section 172(C) does not stipulate that only a portion of the deceased employee's award abates. It says "awards abate". The Fund argues that there are no exceptions to the operation of Section 172(C) and that no distinction is drawn between an attorney's fee portion and an employee's portion of an award made against the Fund. The Fund maintains that section 172(C) abates awards *in toto* upon the employee's death. We agree. According to the law in effect at the time of the Employee's injury, the right of the attorney to his fee derived from the right of the claimant to receive an award. When the claimant's right abated so also did the then unaccrued and unpaid portions of the attorney's fee likewise abate.

## CONCLUSION

For the reasons stated herein, the Court of Appeals opinion is hereby **VACATED**. The judgment of the Workers' Compensation Court three judge panel is **REINSTATED**.

HODGES, C.J., and SIMMS, HARGRAVE and OPALA, JJ., concur.

KAUGER and SUMMERS, JJ., concur in result.

ALMA WILSON, J., concurs in part; dissents in part.

WATT, J., dissents.

WATT, Justice, dissenting.

For the reasons set out in this opinion, I dissent. We have not previously addressed the issue of whether an attorney fee award against the Special Indemnity Fund, ordered to be paid in installments, survives the death of the claimant. In examining this question I will discuss several of our earlier decisions and the applicable statutes.

In 1987, we decided *Chamberlain v. American Airlines*, 740 P.2d 717 (Okla.1987). We held that 85 O.S.1981 § 30 required payment in a lump sum of attorney fees awarded in permanent total disability cases.[1] The Fund was not a party to *Chamberlain*, and after it was decided consistently took the position before the Workers' Compensation Court and this Court, that the *Chamberlain* decision did not apply to the Fund. The Fund argued that § 30 did not apply to it because the Fund's liability for attorney fees was governed by 85 O.S.1981 § 172.D, Id., note 1.

In *Taylor v. Special Indemnity Fund*, 804 P.2d 431 (Okla.1990), we considered the applicability of §§ 30 and 172 to the Fund's obligation to pay attorney fees. The Fund appealed a permanent disability award because the Workers' Compensation Court had

1. The applicable portion of 85 O.S.1981 § 30 provided:

Claims for legal services for permanent total disability awards ... may be paid in a lump sum....

ordered the attorney fee paid in a lump sum.[2] Here, the majority has held that § 172 divests an attorney of his right to the unpaid installments of his fee upon the death of the claimant. I believe that this result is based on a faulty analysis of the law.

In *Taylor*, we observed that § 172 was "conspicuously silent on attorney fees and the method of their payment," and held that § 30 applied to *all* attorney fee awards, whether awarded against an employer or the Fund. Id., 804 P.2d at 432. We unequivocally held that § 172 does not apply to attorney fees.

Following *Chamberlain* and *Taylor*, the legislature passed an amendment to § 30, which became effective September 1, 1992. The relevant part of the amendment states:

> Claims for legal fees for permanent total disability awards *shall* be paid periodically. . . . *The right to any such attorney fee shall be vested at the time the award therefor becomes final.* [Emphasis added.]

The majority holds that the 1992 amendment to § 30 was a legislative response to *Taylor*. According to the majority, by amending § 30 the legislature recognized the Fund's special status and was protecting the Fund from lump sum awards. This being so, says the majority, the Fund is not bound by the legislative mandate that installment attorney fees vest when the order awarding them becomes final.

The majority's holding does not bear analysis. The amendment to § 30 negated our holdings in *Chamberlain* and *Taylor* requiring fees in permanent total disability cases to be paid in a lump sum. Nevertheless, § 30 applies to both employers and the Fund. Despite our holding in *Taylor* that § 172 does not apply to attorney fees, the legislature amended § 172 in 1992 *without mentioning attorney fees*. The reason is clear: The legislature intends for § 30 to govern all attorney fees, no matter who pays them.

Thus, § 30 applies equally to employers and the Fund, and both benefit from the legislative amendment. The legislature made clear that § 172 has nothing to do with the Fund's liability for attorney fees by amending it without mentioning such fees.

Before the 1992 amendments, whether an attorney's right to payments on an installment fee against the Fund lapsed upon the death of the claimant was ambiguous under § 30 and § 172. The 1992 amendments to §§ 30 and 172 resolved the ambiguity. The amendment to § 30 vests an attorney's right to his fee when the award granting it becomes final. Although it amended § 172, the legislature did not exempt the Fund from § 30's mandate that installment fee awards are vested when the awards granting them become final.

The majority holds that the 1992 amendments changed the law. Thus, says the majority, Farnan may not rely on the amendments because they were not effective when Batt died. The majority's holding has ignored the rule that where a statutory amendment resolves an ambiguity,

> . . . it may be presumed that the amendment was made to more clearly express the legislative intention previously indefinitely expressed.

*County Board of Equalization, Pittsburg County v. Muskogee Industrial Finance Corporation*, 357 P.2d 224, 228 (Okla.1960). The majority opinion does not explain why the *Pittsburg County* case should not apply here. The 1992 amendments to §§ 30 and 172 present an appropriate case for the application of the *Pittsburg County* rule. In response to our opinions in *Chamberlain* and *Taylor*, the legislature stated its intention that attorney fees in permanent total disability cases *shall* be paid in installments. The legislature also directed that such attorney fee awards are vested when the order awarding them becomes final. The legislature clearly enacted this second provision as an explanatory measure, not one designed to change the law.

**2.** This case was consolidated on appeal with two others. All involved the issue of the Workers' Compensation Court's power to commute an at-torney fee against the Fund in permanent total disability case to a lump sum.

The legislature said nothing in its 1992 amendments to either § 30 or § 172 to support the majority's holding that the Fund has a special right to have installment attorney fees lapse upon the death of the claimant. Instead, the legislature expressly protected *all* installment fees from such a result, including those awarded against the Fund. An attorney's right to an installment fee vests when the award granting it becomes final, whether the Fund or an employer is involved.

By its strained construction of these ambiguous statutes the majority has reached a result that is not only contrary to the legislative intent expressed in the 1992 legislative amendments to §§ 30 and 172, but is unfair as well. I cannot accede to the majority's holding that Farnan is not worthy of his hire simply because the Fund is involved. I would remand this matter and order the Workers' Compensation Court to enter an order directing the Fund to pay the balance of Farnan's fee under the award of December 5, 1988.