1998 OK CIV APP 130

**Thomas WHALEN, Petitioner,**

**v.**

**SPECIAL INDEMNITY FUND and the Workers' Compensation Court, Respondents.**

**No. 90556.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 14, 1998.

fying" a prior order of the Workers' Compensation Court awarding Whalen attorney's fees. In this proceeding, Whalen asserts the trial court erred in modifying the prior unappealed order of the Workers' Compensation Court, under which the Special Indemnity Fund (Fund) was bound to pay Whalen his attorney's fees according thereto, i.e., by payment to Whalen of every fifth check of Whalen's client until Whalen's client reaches sixty-five years of age. We find no error as alleged, however, and hold the order of the Workers' Compensation Court should be sustained.

¶2 By order dated December 5, 1986 and filed on December 12, 1986, the Workers' Compensation Court determined Whalen's client, Johnny C. Sweet (Claimant), a previously impaired person, permanently totally disabled (PTD) as a result of combination of disabilities previously adjudged and disability attributable to Claimant's latest injury, and awarded Claimant benefits therefor against Fund. 85 O.S. §§ 171, 172. The order further provided:

— 4 —

That beginning with the date of filing of this order, [Fund] is ordered to pay compensation to claimant at the rate of $147.00 per week until claimant reaches the age of 65 (less tax and attorney fee).

— 5 —

That every 5th weekly payment of $147.00 made under this Order [shall] be paid to claimant's attorney Thomas Whalen, to be deducted therefrom as a reasonable attorney fee herein; . . . .

¶3 Fund thereafter paid Whalen every fifth weekly payment of Claimant until July 1996 when Fund began making the fifth payment to Claimant, taking the position that Whalen could not recover attorney's fees "based upon . . . more than a five-hundred-week award" under 85 O.S.1981 § 41(A), the law in effect at the time Fund's liability attached, and that Fund had paid the maximum allowed. Whalen objected and moved to "certify" the order, taking the position that the December 1986 order directed pay-

Thomas Whalen, Tulsa, Oklahoma, Pro se.

Georgiana Peterson, Henry A. Meyer, III, Pray, Walker, Jackman, Williamson & Marlar, Oklahoma City, Oklahoma, for Respondents.

JOPLIN, Judge.

¶1 Petitioner Thomas Whalen (Whalen) seeks review of the trial court's order "modi-

ment to him of every fifth check of Claimant until Claimant reached 65 years of age, that the limits imposed by § 41(A) did not apply to Fund, and that even if § 41 applied as to render the December 1986 order arguably erroneous, that final, unappealed order nevertheless bound Fund to pay according to the terms thereof. After argument and submission of briefs, the trial court held by miscellaneous order:

— 1. —

THAT the applicable provisions of 85 O.S.1981 § 41(A), and subsequent amendments thereinafter down [to] the present, ha[ve] always limited attorney fees to not more than a 500 week award.

— 2. —

THAT there is no statutory or case law authority to support the proposition that the maximum attorney fee of 500 weeks, as outlined in 85 O.S. § 41(A), is not applicable to awards against the Special Indemnity Fund.

— 3. —

THAT the Order of the Workers' Compensation Court entered December 1[2],[1] 1986, although final, cannot award attorney fees beyond the maximum attorney fees allowed by law.

— 4. —

THAT the claimant attorney's request for attorney fees beyond 500 weeks is hereby DENIED.

— 5. —

THAT every 5th weekly payment of $147.00 made under the aforementioned order to the claimant's attorney beyond 500 weeks, shall now be paid to the claimant until the claimant reaches the age of 65 (less tax.)

Whalen now seeks review in this Court.

¶ 4 Whalen firsts asserts the provisions of § 41 governing payment of attor-

ney's fees generally do not apply to Fund, and that Fund's obligation to pay attorney's fees is governed exclusively and specifically by 85 O.S. § 172. On this issue, and as a matter of statutory construction, where two statutes deal with the same subject matter, one specific and one general, the specific statute controls, with both the general and specific statutory provision given "harmonious" effect. *See, e.g., City of Tulsa v. Smittle,* 1985 OK 37, 702 P.2d 367; *Beidleman v. Belford,* 1974 OK 72, 525 P.2d 649; *Matter of Guardianship of Campbell,* 1966 OK 99, 450 P.2d 203. Stated otherwise:

The general rule that a particular statute controls and acts as an exception to a general statute is set out in *Williamson v. Evans,* [1957 OK 304,] 319 P.2d 1112 (Okla. 1957):

A statute which is enacted for the primary purpose of dealing with a particular subject, and which prescribes the terms and conditions of that particular subject matter, prevails over a general statute which does not refer to the particular subject matter, but does contain language which might be broad enough to cover the subject matter if the special statute was not in existence.

*Id.* at 1113. We restated the rule in *State ex rel. White v. Beeler,* [1958 OK 168,] 327 P.2d 664 (Okla.1958):

Where there are two provisions of the statutes, one of which is special and particular and clearly includes the matter in controversy, and where the special statute covering the subject prescribes different rules and procedure from those in the general statute, it will be held that the special statute applies to the subject matter, and the general statute does not apply.

*Id.* at 665.

*Taylor v. Special Indem. Fund,* 1990 OK 106, ¶ 6, 804 P.2d 431, 433.

¶ 5 In this particular, and at the

---

**1.** By order *nunc pro tunc* dated November 25, 1997, the trial court corrected a typographical error referring to the "Order ... entered on December 1, 1986," to properly reflect the Worker's Compensation Court's prior order of December 12, 1986.

time of Claimant's last injury,[2] § 30 of title 85, Oklahoma Statutes (1981), permitted commutation of attorney's fees awards in PTD cases to payment in lump sum. At the time of Claimant's last injury, § 41 of title 85 proscribed commutation of awards in PTD cases to payment in lump sum except as to attorney's fees, but mandated that "attorney fees shall be based upon not more than a five-hundred-week award." 85 O.S.1981 § 41(A), (B). Section 172 at the time of Claimant's last injury, although silent on the issue of payment of attorney's fees, directed that "in [PTD] cases, [compensation by Fund] shall be paid in periodic payments, ..., and shall not be commuted to lump sum." The Supreme Court in *Taylor* construed 85 O.S.1981 § 30 to control over the periodic-payment-only provision of 85 O.S. 1981 § 172 as to mandate payment of attorney's fees awards in PTD cases against Fund in lump sum:

> Because section 30 is a more specific statute on the award of attorney fees and does not distinguish between awards against employers, insurance carriers, and the Fund and because section 172 is silent on the method of payment of attorney fees, section 30 controls over section 172 as to the method of payment of attorney fees. Therefore, we hold that attorney fees after an award from the Fund must be paid in a lump sum.

*Taylor,* 804 P.2d at 433.[3]

¶ 6 We find the rule of statutory construction and analysis expressed in *Taylor* controlling in the present case. That is, § 172 remains silent not only on the method of payment of attorney's fees in cases against Fund, but also on the period of compensation on which an attorney's fee award against Fund should be determined under § 30(C) permitting awards of attorney's fees at a percentage of the claimant's compensation. Section 41, on the other hand, speaks specifically to the issue of what period of compensation will be used in calculating an attorney's fee award and proscribes an attorney's fees allowance based on more than a five-hundred week award. Section 41 being the more specific statute and limiting the basis for the allowance of attorney's fees on compensation awards of not more than five hundred weeks, we here hold § 41 controls over § 172 and sets the outside limit of compensation on which to determine an appropriate attorney's fee against Fund.[4]

¶ 7 Whalen secondly asserts the final and unappealed December 1986 order of the Workers' Compensation Court unambiguously directed Fund's payment to him of every fifth check of the Claimant until the Claimant reached 65 years of age, and that even if erroneous under § 41, the Fund is nevertheless bound to pay according thereto having failed to timely and properly challenge that order by any of the means then available. Fund responds, asserting that Whalen's entitlement to attorney's fees ceased as a matter of law under § 41 upon payment to Whalen of the maximum allowed, and that the Workers' Compensation Court did not err in so recognizing.

¶ 8 "An order of the Workers' Compensation Court is final and conclusive unless the decision is appealed to the appeal panel, review is sought in the Supreme Court, or the Workers' Compensation Court vacates the order within twenty days after the date a copy is sent to the parties. (Cita-

---

2. Neither party disputes that "the law in effect at the time of the subsequent injury is the law to be used in fixing the liability of the Fund. (Footnote omitted.) (Citations omitted.)" *Special Indem. Fund v. Archer,* 1993 OK 14, ¶ 9, 847 P.2d 791, 794–795. *Accord, Batt v. Special Indem. Fund,* 1993 OK 163, 865 P.2d 1244; *Special Indem. Fund v. Choate,* 1993 OK 15, 847 P.2d 796.

3. Section 30 has since been amended to specifically require payment of attorney's fees awards in PTD cases periodically. 85 O.S.Supp.1992 § 30.

4. Employing essentially the same analysis, the Supreme Court in *Special Indem. Fund v. Cole,* 1992 OK 104, 834 P.2d 959 and *Special Indem. Fund v. Laxton,* 1965 OK 56, 400 P.2d 820 held the § 172 proscription against lump sum payments by Fund controlled over the provisions of § 41 permitting acceleration of a award upon default in payment, and we consequently discount language in *Cole* to the effect that § 41 does not apply to Fund.

tions omitted.)" *Special Indem. Fund v. Weber,* 1995 OK 43, ¶ 17, fn. 20, 895 P.2d 292, 298, fn. 20. *Accord, Special Indem. Fund v. Cole,* 1992 OK 104, ¶ 17, 834 P.2d 959, 963; *Ferguson v. Ferguson Motor Co.,* 1988 OK 137, ¶¶ 6–9, 766 P.2d 335, 336–337; *Snyder v. Smith Welding & Fabrication,* 1986 OK 35, ¶ 4, 746 P.2d 168, 169. *And see, Scrappers, Inc. v. Wilson,* 1990 OK 42, ¶ 4, 790 P.2d 1116, 1117 (absent timely appeal to the Court en banc or Supreme Court, or timely correction/modification/vacation by the court of rendition, an order of the Workers' Compensation Court is "immutable twenty days after it was sent to the parties, except by a district court in an action based on procurement by extrinsic fraud.") "The power to adjudicate includes the power to do so wrongly, and an erroneous decision, until it is set aside or corrected in a manner authorized by law, is as binding as a correct ruling." *Ferguson,* 1988 OK 137, ¶ 11, 766 P.2d at 337. Thus, even if an order is arguably erroneous, where the error does not appear on the face of the proceedings, a final order of the Workers' Compensation Court stands impervious to subsequent change. *Cole,* 1992 OK 104, ¶ 13, 834 P.2d at 963; *Ferguson,* 1988 OK 137, ¶¶ 9–11, 766 P.2d at 337.

■ ¶ 9 However, "[s]uch orders as are made by the State Industrial Commission which are outside of their jurisdiction and authority and are void upon their face do not become final and binding upon the parties." *Royal Mining Co. et al. v. Murray et al.,* 167 Okla. 460, 30 P.2d 185, 187 (1933). Consequently, where the judgment is void on its face, failure to appeal poses no bar to subsequent collateral proceedings to challenge validity of the order:

The petitioner further contends that, the commission having entered a final order in the matter, said order will stand as a final and complete adjudication of the rights of the parties and that it cannot be set aside in the *manner now* attempted; in other words, that since the claimant did not appeal from the former order it became final, and that the subsequent motion to reopen was a collateral attack on the finality of the prior award. Assuming, without deciding, that this is a collateral attack, they are

permitted where the order or judgment being attacked is void on its face, which means void on the face of the proceedings. (Citations omitted.) ... *[T]he rule that the jurisdiction of the commission to vacate or modify its judgment or decisions on any ground except a change of condition expires thirty days after the award has no application to decisions or awards which are void upon their face. It is obvious that the same is true as to the contention that the void portion of the order becomes final in the absence of an appeal.*

*Independent Oil & Gas Co. et al. v. Clark,* 175 Okla. 257, 52 P.2d 789, 792 (1935). (Emphasis added.) As the Oklahoma Supreme Court earlier stated:

The application of these rules, defining and declaring the time within which an award may be vacated by the Industrial Commission and limiting the time within which proceedings may be instituted in this court to review the same, presupposes the existence of an order made within the jurisdiction of the commission. But they have no application to an order which is wholly void upon its face for want of jurisdiction. If awards of the Industrial Commission are to have the force and effect of judgments in so far as they settle the rights and liabilities of parties affected thereby, they must of necessity be subject to the general rules testing and determining the validity of judgments of courts. A judgment or decision which is wholly void being beyond the jurisdiction of the tribunal rendering it and the invalidity of which affirmatively appears from the judgment roll may be collaterally attacked or may be set aside upon motion of either party at any time. (Citations omitted.)

... The three elements essential to a valid judgment: First, jurisdiction of the person; second, jurisdiction of the subject-matter; third, judicial power to render the particular judgment....

...

[On the issue] of the power of the commission to render the particular decision rendered[,] [a] judgment or decree that is merely irregular or erroneous by reason of

an improper application of a rule of law is not void provided it is within the issues tendered to the court by the pleadings. (Citations omitted.) However, if the court or tribunal goes outside the issues presented by the pleadings and decides a matter not tendered by the pleadings, its decision on such issue is absolutely void. (Citations omitted.)

*Union Indemnity Co. v. Saling*, 166 Okla. 133, 26 P.2d 217, 224–225, 226 (1933). The fundamental flaw must, nevertheless, appear on the "face of the proceedings":

> An inquiry into the meaning and legal effect of a judgment is confined to the face of the "judgment roll" (in an administrative tribunal, or in a court other than the district court, the inquiry must be made by an "inspection" of the "face of the proceedings"). (Footnote omitted.) Once a compensation award has become final for want of an appeal or in consequence of an appellate court's decision, any controversy over its meaning and effect must be resolved by resort to "the face of the entire proceedings." The meaning of an award is hence to be divined from the terms of its text, to be construed with the other parts of the judgment roll. (Footnote omitted.) ... The judgment roll or the entire "face of the proceedings" constitutes the sole method for proving the effect or meaning of a judgment or award.

*Dyke v. Saint Francis Hosp., Inc.*, 1993 OK 114, ¶ 22, 861 P.2d 295, 302–303. The "face of the proceedings" in matters before the Workers' Compensation Court generally includes the claim, the process by which the parties were notified and the order on the merits. See, *Dyke*, 1993 OK 114, ¶ 22, 861 P.2d at 302–303, fn. 27.

¶ 10 An examination of the "face of the proceedings" in the present case reveals no question concerning the Workers' Compensation Court's jurisdiction over the person or subject matter. The question rather centers on the Workers' Compensation Court's authority to issue the subject order granting attorney's fees based on an award of more the 500 weeks. In this particular, the face of the proceedings shows that Claimant filed his initial Form 3 in March 1983, Claimant then

stating his age of 38 years. Some three years later at the time of entry of the subject December 1986 order, Claimant would have then been about 41 years of age. To the extent the December 1986 order arguably awarded Whalen attorney's fees of every fifth payment of Claimant's benefits until Claimant reached 65, i.e., for the ensuing *24 years*, the error of the Workers' Compensation Court in awarding Whalen attorney's fees of every fifth payment of Claimant's benefits for the next *24 years*, i.e., based on an award of *over 500 weeks* in contravention of the § 41 limit, thus appears on the face of the proceedings. The Workers' Compensation Court clearly had no authority to award attorney's fees based on an award of over 500 weeks under § 41 as we have construed it, and December 1986 order to that effect was clearly void, subject to vacation at any time. We therefore conclude the Workers' Compensation Court committed no error in holding Claimant now entitled to every fifth payment which Whalen had previously collected as a reasonable attorney's fee.

¶ 11 The order of the Workers' Compensation Court is therefore SUSTAINED.

GARRETT, J., concurs.

CARL B. JONES, V.C.J., dissents.