Steve B. **MASON,** Petitioner,

v.

**SPECIAL INDEMNITY FUND and the Workers' Compensation Court,** Respondents.

No. 88651.

Court of Civil Appeals of Oklahoma, Division No. 1.

April 22, 1997.

**544**

Albert M. Morrison, H.A. "Bud" Carter, Oklahoma City, for Petitioner.

Georgiana Peterson, Henry A. Meyer, III, Oklahoma City, for Respondents.

## OPINION

HANSEN, Presiding Judge:

Petitioner, Steve B. Mason (Claimant), seeks review of the trial court's order finding it had no jurisdiction to award additional benefits and denying his claim against Respondent, Special Indemnity Fund (Fund). Claimant was a previously impaired person at the time of his last injury on July 27, 1989. On September 2, 1992, the trial court found Claimant "sustained 10 per cent permanent partial disability to the BODY AS A WHOLE due to injury to the RIGHT HIP, 70 per cent permanent partial disability due to injury to the RIGHT FOOT, and 10 per cent permanent partial disability due to injury to the LEFT LEG (KNEE) OVER AND ABOVE THE PRE–EXISTING 30%," and he "sustained no permanent partial disability to the LOW BACK OVER AND ABOVE THE PRE–EXISTING 17%." Claimant was awarded "compensation for 215 weeks at $173.00 per week, or the total amount of $37,195.00." Claimant then filed a claim against the Fund for additional permanent partial disability attributable to the combination of his latest injury with previous injuries. The trial court found he had 93 percent permanent partial disability to the body as a whole, and apportioned 43 percent to the latest injury, 32 percent to previous impairment, and 18 percent to material increase for which the Fund was liable.

After Claimant sought to reopen on change of condition for the worse, the trial court approved a joint petition on April 11, 1996 awarding Claimant $80,000.00 for 88 percent permanent partial disability to the body as a whole. He then filed another claim against the Fund alleging permanent total disability as a result of the combination of all injuries. At hearing, the Fund stipulated Claimant was permanently and totally disabled, but alleged his last accident standing alone caused his disability. The trial court ruled,

> [T]he claimant has already received compensation for more than 100% permanent partial disability. Therefore, this Court has no jurisdiction to award additional benefits and this claim against the Special Indemnity Fund is DENIED.

■ While the trial court's order provides no legal authority for its conclusion, the briefs of both parties argue the applicability of 85 O.S.Supp.1995 § 22(7). An amendment to add the following language went into effect November 4, 1994:

The sum of all permanent partial disability awards, including awards against the Special Indemnity Fund, shall not exceed one hundred percent (100%) permanent partial disability for any individual. An individual may not receive more than five hundred twenty (520) weeks' compensation for permanent partial disability, but may receive other benefits under the Workers' Compensation Act if otherwise eligible as provided in the Workers' Compensation Act.

The issue before the trial court was whether Claimant was permanently and totally disabled as a result of combined disabilities. 85 O.S.Supp.1995 § 172. His entitlement to additional permanent partial disability was not at issue. Even if this section applied to injuries which occurred before its effective date,[1] it does not limit the trial court's power to award permanent total disability compensation. A finding of permanent total disability is based on incapacity to earn wages in a suitable occupation, whereas permanent partial disability is based on physical impairment. *Farm Fresh, Inc. v. Bucek,* 895 P.2d 719, 726 (Okla.1995). Section 22(7) specifically preserves Claimant's right to benefits other than permanent partial disability. The trial court has the power to award such benefits, including claims for permanent total disability compensation from the Fund, when the Claimant is no longer eligible to receive permanent partial disability. Accordingly, the trial court's order is VACATED and this matter is REMANDED for determination of the Special Indemnity Fund's liability on Claimant's claim.

JOPLIN and BUETTNER, JJ., concur.

---

1. "The law in effect at the time of an employee's injury controls in workers' compensation matters." *Batt v. Special Indem. Fund,* 865 P.2d 1244, 1247 (Okla.1993).