1998 OK CIV APP 41

**Jerry Joe THOMAS, Petitioner,**

v.

**SPECIAL INDEMNITY FUND and the Workers' Compensation Court, Respondents.**

**No. 88947.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Jan. 20, 1998.

Certiorari Denied April 1, 1998.

Jeffrey L. Parker, Parker & Associates, Tulsa, for Petitioner.

Georgiana Peterson, Henry A. Meyer, III, Pray, Walker, Jackman, Williamson & Mar-ler, Oklahoma City, for Respondent Special Indemnity Fund.

## OPINION

BUETTNER, Presiding Judge:

¶1 The Workers' Compensation Court found that at the time of petitioner's, Jerry Joe Thomas (Thomas), last compensable injury, April 6, 1993, he was a previously physically impaired person. Due to the combination of the injuries and a 4% material increase in disability, the court found that Thomas sustained 111% permanent partial disability and that the Special Indemnity Fund (Fund) was liable for payment for 20 weeks at $185.00 per week. The trial court further found that Thomas was not permanently totally disabled (PTD). Thomas appealed the finding that he was not permanently totally disabled to a three-judge panel of the Workers' Compensation Court. The panel affirmed the trial court with one judge dissenting. We sustain that order.

¶2 The appellate court reviews the three-judge panel's decision by "applying the law's traditional any-competent-evidence test of correctness." *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548, 552. Thomas' first contention of error is that because his permanent partial disability exceeded 100%, he must necessarily have been found to be permanently totally disabled. He also asserts that he is permanently totally disabled as a matter of fact.

¶3 Insofar as his first contention, the law in effect at the time of his last compensable injury, 85 O.S.1991 § 22(7), did not include a percentage cap.[1] The inquiry relevant in this case, however, is whether a finding exceeding 100% of permanent partial disability results in a mandatory finding of permanent total disability. We find that it does not because a "finding of permanent total disability is based on incapacity to earn wages in a suitable occupation, whereas permanent partial disability is based on physical impairment." *Mason v. Special Indemnity Fund,* 1997 OK CIV APP 27, 941 P.2d 543,

---

1. 85 O.S. Supp.1994 § 22(7) states, in pertinent part: The sum of all permanent partial disability awards, including awards against the Special Indemnity Fund, shall not exceed one hundred percent (100%) permanent partial disability for any individual.

545. It is possible for a person to be permanently partially disabled yet capable of earning wages.[2]

 ¶ 4 Thomas' second contention is that the evidence presented supported his contention that he was not capable of performing any kind of work. The report from his medical doctor stated that he was not presently capable of working. The report from the Fund's medical doctor, on the other hand, found that Thomas could return to employment. On questions of fact, we defer to the determinations made by the Workers' Compensation Court if they are supported by any competent evidence. Thomas did not object to the admission of The Fund's doctor's report. Consequently, we find that the order is supported by competent evidence.

SUSTAINED.

HANSEN and ADAMS, JJ., concur.

---

2. The dissenting vote stated: Claimant cannot be more than 100% permanently partially disabled. Consequently, any finding of further material increase by the Trial Court is necessarily a finding of permanent total disability due to the combination of the injuries.